**Barbara MILNE, Plaintiff-Appellant,**

v.

**PEVELY DAIRY CO., et al., Defendant-Respondent.**

**No. 44438.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 5, 1982.

Donald L. Schlaprizzi, St. Louis, for plaintiff-appellant.

Larry D. Valentine, St. Louis, William C. Barnett, Clayton, for defendant-respondent.

PER CURIAM.

Plaintiff-appellant Barbara Milne sustained injuries while on premises owned by Pevely Dairy Company and leased by Louis IX Enterprises, Inc.[1] Plaintiff sued both parties. After the jury returned a verdict for plaintiff against both defendants, the trial court granted defendant Pevely's motion for judgment in accordance with its motion for a directed verdict. Plaintiff appeals that action. We affirm.

Plaintiff argues that she made a submissible case against the lessor on the theories that (1) Pevely negligently transferred possession of its property when a dangerous condition existed which was reasonably likely to cause a risk of harm to others, and (2) Pevely negligently permitted a dangerous condition to exist on premises over which it retained partial control, and injury resulted therefrom to its tenant's guest or invitee.

In reviewing the trial court's actions, we must consider the evidence and all reasonable inferences therefrom in a light most favorable to plaintiff and disregard con-

---

1. Louis IX Enterprises, Inc. is not a party to this appeal.

trary evidence except insofar as it supports the jury's verdict. *Grant Renne & Sons, Inc. v. J.E. Dunn Construction Co.,* 633 S.W.2d 166, 168 (Mo.App.1982). Plaintiff must produce substantial evidence to support her claim, however. A mere scintilla of evidence is insufficient. *Conley v. Commerce Bank of St. Charles,* 599 S.W.2d 48, 50 (Mo.App.1980).

Plaintiff was injured when she fell in a canopied area outside the front door of the Louis IX Restaurant. Under the canopy was a small concrete slab or porch about four inches high, with a concrete ramp sloping from the front of the porch to parking lot level. When plaintiff exited the restaurant after 10:00 p.m., she stepped off the left edge of the porch with her left foot, lost her balance, and fell on her right knee. The lighting in the canopied area was dim and plaintiff was unaware of the four-inch drop. Louis IX Enterprises, Inc. constructed the porch, ramp, and canopy at its expense in 1975. Louis IX had originally leased the property from Pevely Dairy in 1969, but the terms of that lease were not entered into evidence. The lease at issue ran from January 1976 to December 1979.

■ Under most circumstances a lessor of land is not subject to liability for injuries to his tenant or the tenant's invitees caused by dangerous conditions. *Dunlap v. Howard,* 629 S.W.2d 664, 666 (Mo.App.1982). Plaintiff's theories of liability consist of several exceptions to this general rule.

■ One exception arises when at the time the lease is made a dangerous condition on the property creates an unreasonable risk of physical harm to persons on the premises. *Horstman v. Glatt,* 436 S.W.2d 639, 641 (Mo.1969). The landlord is only liable, however, if the defect is known to him and not to the tenant and is not discoverable by the tenant in the exercise of ordinary care. In such a case the landlord has a duty to disclose to the tenant that the dangerous condition exists. *Id.*

■ This exception clearly does not apply to the present case. Although the evidence showed that the dangerous condition existed prior to the lease at issue, the evidence also showed that the tenant constructed it. It would be illogical to require the landlord to disclose to the tenant the existence of a dangerous condition built by the tenant. Moreover, the landlord's liability continues only until the lessee has had reasonable opportunity to discover the condition and to take precautions to remedy it. *Horstman v. Glatt,* 436 S.W.2d at 643. *See Reckert v. Roco Petroleum Corp.,* 411 S.W.2d 199, 205 (Mo.1966). Since lessee Louis IX not only had reasonable opportunity to discover the condition but in fact created it, lessor Pevely Dairy cannot be held liable on this theory.

■ Although not articulating a separate theory, plaintiff apparently also relies on the "public use" exception to the landlord's non-liability. This exception holds the landlord liable where it leases premises in a dangerous condition for a purpose involving admission of the public. *Warner v. Fry,* 360 Mo. 496, 228 S.W.2d 729, 730–31 (1950). Although plaintiff argues that a restaurant has that purpose, Missouri courts have narrowly defined "public use." For example, this court recently held that a gasoline service station does not qualify as a public use. *Dunlap v. Howard,* 629 S.W.2d 664 (Mo.App.1982). Leasing for a public use pertains to public exhibitions and entertainments, where the primary purpose is to assemble large groups at the same time. *Warner v. Fry,* 228 S.W.2d at 731. Liability based on this theory does not apply to the ordinary commercial establishment. *Dunlap v. Howard,* 629 S.W.2d at 666. For purposes of the public use exception, we perceive no significant difference between a service station and a restaurant. Thus plaintiff fails to make a submissible case under this rule.

Finally, plaintiff argues that defendant should be liable for her damages on the theory that defendant as landlord negligently allowed a dangerous condition to exist on premises over which it retained control. This contention also fails.

■ Where a landlord's entire interest is demised, he is not liable for injuries to the tenant or guests of the tenant. *Erhardt v. Lowe,* 596 S.W.2d 489, 491 (Mo.App.1980). Where the landlord retains control over a portion of the premises, he has a duty to keep that portion in a reasonably safe condition and is liable for damage resulting from his failure to do so. *Id.; Lemm v. Gould,* 425 S.W.2d 190, 194 (Mo.1968). The landlord has retained control if the trier of fact can infer from the evidence that the tenant surrendered his right to exclusive possession and control of the premises. *Erhardt v. Lowe,* 596 S.W.2d at 491; *Lemm v. Gould,* 425 S.W.2d at 195.

■ The pertinent terms of the 1976 lease between lessor Pevely Dairy and lessee Louis IX were as follows. Lessee was to use the premises only as a "Specialty Dessert House." Lessee was to make all repairs and alterations it deemed necessary, at its own expense and with lessor's consent. All repairs and alterations were to remain as part of the realty. Lessor reserved the right to prescribe the form, character, and location of awnings and signs that lessee might place or paint on the premises. Lessee agreed not to place any sign or awning on the premises without lessor's written consent. Lessor reserved the right to enter upon the premises at reasonable hours to examine its condition and to make such repairs as it saw fit. Lessee was to carry satisfactory liability insurance to protect lessor.

There was no evidence that Pevely ever made any repairs or entered the premises to do so. Aside from the testimony of a Pevely vice-president that he had dined at the restaurant, there was no evidence that Pevely representatives had been on the premises. Further, there was no contract to repair as part of the rental agreement. *Cf. Tucker v. Taksel,* 345 S.W.2d 385, 388 (Mo.App.1961) (where landlord agreed to make and made repairs to premises and retained key for that purpose, jury could conclude landlord retained right to control).

The Pevely vice-president testified that in drafting the lease, he included the above-mentioned provisions in an effort to preserve the value of the property. Although in that sense Pevely retained some control, we believe it is not of the type which would impose liability on the lessor in this case.

The lease provisions at issue are similar to those in *Horstman v. Glatt,* 436 S.W.2d 639 (Mo.1969). Under that lease, the landlord restricted the use of the premises; prohibited the tenants from making any alterations, additions, changes or improvements to the premises without the landlord's consent; and reserved the right to make repairs that the tenants failed to make. The court found those provisions were inadequate to show retention of control by the landlord and were unrelated to the condition which produced the injury. *Id.* at 643–44. Plaintiff has failed to adequately distinguish *Horstman,* and we deem *Horstman* controlling on this issue.

Citing *Nuckols v. Andrews Investment Co.,* 364 S.W.2d 128 (Mo.App.1962), plaintiff argues that the lease provision requiring lessee to obtain liability insurance protecting lessor evidences control in the lessor. In *Nuckols,* the lessor's insurance policy declared that lessor owned the property at issue. Evidence of the policy was admissible to refute the lessor's denial of ownership at trial. *Id.* at 138. The insurance policy was only one factor, however, in determining control of the property. The owner in *Nuckols* also made inspections, *id.* at 133–34, prior repairs, *id.* at 131, and arrangements for future repairs, *id.* at 140 —all factors absent here.

The present case is also distinguishable from another case upon which plaintiff relies, *Kelly v. Laclede Real Estate & Investment Co.,* 348 Mo. 407, 155 S.W.2d 90 (1941). The plaintiff in *Kelly* was sitting on the sidewalk by a building when a piece of terra cotta fell from the wall and injured him. The court held that the landlord could be liable under the plaintiff's theory of res ipsa loquitur, even though the tenant had exclusive control, if the jury found that the wall was defective when the building was leased. *Id.* at 96. Since the landlord's retention of control was not in issue in *Kelly,* plaintiff's reliance is misplaced.

**162**

Inasmuch as there was no binding obligation for Pevely to make repairs and it made none, *see Flournoy v. Kuhn,* 378 S.W.2d 264, 268 (Mo.App.1964), and there was no evidence that Pevely retained or used a key to the premises or that the tenant had in any other way surrendered its right to exclusive possession, *Erhardt v. Lowe,* 596 S.W.2d at 491, we find that plaintiff failed to show a sharing of control by Pevely Dairy and Louis IX.

Plaintiff has failed to present a submissible case of negligence against defendant Pevely Dairy on any theory that would hold a lessor liable. The judgment is therefore affirmed.

All Judges concur.

DOWD, J., not participating.