Bernice M. STEIN and Clarence C. Stein, Appellants,

v.

MANSION HOUSE CENTER, et al., Respondent.

No. 45395.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 22, 1983.

Joseph A. Wiseman, Clayton, for appellants.

Steven P. Sanders, St. Louis, for respondent.

CRANDALL, Presiding Judge.

Appellants, Bernice M. Stein and Clarence C. Stein, appeal from the granting of summary judgment in favor of respondent, Mansion House Center.[1] We affirm.

On February 6, 1978, appellant, Bernice M. Stein, was walking on a snow and ice covered sidewalk which was adjacent to a fountain constructed, owned, and maintained by respondent-Mansion House Center when she slipped and fell. As a result of the fall, she sustained injuries. In her second amended petition, appellant alleged a special use of the sidewalk by Mansion House Center because the fountain created an artificial accumulation of snow and ice on the sidewalk which caused the appellant to fall. Appellants argue that the trial court erred in granting summary judgment for respondent. They contend that their second amended petition presented a material issue of fact as to whether Mansion House Center had created and was liable for an artificial accumulation of ice and snow by constructing and maintaining a fountain next to the sidewalk where Mrs. Stein fell.

■ Appellants concede that in Missouri a property owner is not liable for injuries caused by a natural accumulation of snow and ice on an abutting sidewalk. *Stith v. J.J. Newberry Co.*, 336 Mo. 467, 79 S.W.2d 447, 453 (1934). They argue, however, that this case comes within an exception to the general rule. The two exceptions to the general rule are:

An abutting property owner may be liable if he artificially creates, through negligence or affirmative action, a condition which makes passage unsafe. When the abutting property owner creates an artificial condition on the sidewalk, a duty of reasonable care to guard against injury to the public is imposed. (Citations omitted.)

The second exception is the special use exception. If an abutting property owner makes use of the sidewalk for something other than a sidewalk, and this use makes it more dangerous when slick or wet, liability may be imposed. (Citations omitted.) In summary, to state a claim against an abutting property owner under Missouri law, a plaintiff must either allege that defendant created an artificial condition which caused the danger, or that defendant made a special use of the sidewalk which increased the danger or created the hazardous conditions.

*Hungate v. United States,* 626 F.2d 60, 62 (8th Cir.1980).

■ Although an abutting property owner may incur liability when he constructs or maintains a structure which causes an artificial accumulation and discharge of water, which by freezing will make use of the sidewalk dangerous,

where a change is made or a structure erected, entirely upon the premises of the abutting property owner, in a usual and proper manner, and not for the purpose of collecting and discharging water upon the sidewalk, the landowner is *not* liable, even though some water is caused to run upon the sidewalk as a mere incidental result of the condition created. (Emphasis added; citations omitted.) *Luettecke v. City of St. Louis,* 346 Mo. 168, 140 S.W.2d 45, 49 (1940).

■ Appellants contend that the fountain acted as a barrier causing the artificial accumulation of drifting snow to a substan-

---

1. The trial court designated its ruling as a final judgment for purposes of appeal pursuant to Rule 81.06.

tially greater degree than if the fountain were not there. In this case, respondent's fountain was not used in an unusual or improper manner, nor was it used to collect and discharge water. It is conceded that the fountain was not in use and that the fall did not result from water from the fountain being sprayed over the public sidewalk and freezing. Furthermore, there was no hidden danger as a result of the drifting of the snow. The accumulation of drifting snow on a sidewalk next to an abutting building or other structure is a natural phenomenon that is incidental to that building or structure, and therefore does not come within the "artificial condition" exception.

After reviewing the record, we find no genuine issue of material fact (Rule 74.-04(c)), and therefore hold that respondent was entitled to judgment as a matter of law. The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.