**Larry L. APPERSON and Wilma L. Apperson, Respondents,**

v.

**Thomas J. HERX and Nancy A. Herx, Appellants.**

**No. WD 41138.**

Missouri Court of Appeals, Western District.

June 20, 1989.

David T. Welch, Phillips, McElyea, Walker & Carpenter, P.C., Camdenton, for appellants.

James A. Grantham, Tuscumbia, for respondents.

Before TURNAGE, P.J., and CLARK and FENNER, JJ.

TURNAGE, Presiding Judge.

Larry L. Apperson and Wilma L. Apperson sued Thomas J. Herx and Nancy A. Herx on a promissory note. The Herxs filed a counterclaim to reform the note. After a bench trial the court entered judgment in favor of the Appersons on the note and refused to reform the note. The Herxs appeal only the judgment finding in favor of Appersons for $9,000, the principal sum of the note. The Herxs contend the Appersons were not the real party in interest and were therefore not entitled to maintain this suit. Reversed.

In October, 1981, the Herxs delivered their promissory note to the Appersons in the sum of $9,000. Thereafter, at a date not reflected in the record, the Appersons indorsed the note to the Citizens Bank of Eldon as collateral for a debt which the Appersons owed the bank. Despite the allegation in the Appersons' petition that the Appersons were the holders of the note, the Appersons introduced evidence that the note had been indorsed to the bank and at the time of trial the bank was the holder of such note. By letter the bank gave Apperson permission to sue on the note.

Herx contends that because the Appersons were not holding the note, they were not the real party in interest as required by Rule 52.01.

In *American Forest Co. v. Hall,* 279 Mo. 643, 216 S.W. 740 (1919), American Forest was the payee of a promissory note and indorsed such note to a bank as security for a loan. Thereafter, American Forest brought suit on the note while the note was held by the bank. The court held that American Forest could maintain suit on the note if it had become possessed of it because with possession it could have stricken out its indorsement and established a paper title to the note. Id. 216 S.W. at 744. But the court held that without possession there was no right to strike out the indorsement and the bank remained the holder of the note.

The court also recognized the rule that the assignee of commercial paper may place the same in the hands of the assignor

and direct that suit be brought, thereby authorizing a suit in the name of the assignor as trustee of an express trust. The court stated, however, that this rule did not apply because the bank had retained possession of the note. *Id.* The court further held that American Forest did not acquire the right to sue on the note even though the bank had given its consent for American Forest to bring suit. *Id.* The court concluded that American Forest had no right to maintain an action on the note.

The rule in *American Forest* has not been changed by the adoption of the Uniform Commercial Code. Section 400.1–201, RSMo 1986, defines "holder" as a person in possession of an instrument issued or indorsed to him. Section 400.3–301 gives the holder the right to enforce payment on the instrument in his own name.

The UCC has incorporated the rule stated in *American Forest* by providing that the holder of an instrument may bring suit on it. In this case, the Appersons were not the holder of the note but showed by their evidence that the bank was the holder. The evidence also showed that the bank had not retransferred possession of the note to the Appersons, but had merely authorized the suit, while maintaining possession of the note. This is not sufficient. Under these facts, the Appersons were not the real party in interest authorized to maintain this suit.

As stated in *Janssen v. Guaranty Land Title Co.*, 571 S.W.2d 702, 706[7–9] (Mo. App.1978):

> To warrant standing as a party, the prospective plaintiff must have some actual and justiciable interest susceptible of protection through litigation.

The Appersons are not the real parties in interest because they were not the holder of the note and thus have no standing to maintain this suit.

THE JUDGMENT IS REVERSED.

All concur.