J.R. GREEN PROPERTIES, INC., Plaintiff–Respondent,

v.

Harry H. MEIXNER, Jr., Defendant–Appellant.

No. 55403.

Missouri Court of Appeals, Eastern District, Division Three.

July 25, 1989.

Barbara Multack Sacks, Clayton, for plaintiff-respondent.

Steven Walter Garrett, Clayton, for defendant-appellant.

SIMON, Chief Judge.

Appellant, Harry H. Meixner, Jr., appeals the granting of a summary judgment in favor of respondent, J.R. Green Properties, Inc., setting aside a default judgment entered against respondent. Appellant's sole point on appeal contends that the Circuit Court erred in setting aside the default judgment because respondent adduced no evidence to establish that its failure to appear at the Associate Division where the case was called and heard was the result of accident, mistake, inadvertence, or unavoidable circumstances unmixed with neglect or inattention, or that respondent had a meritorious defense. We reverse.

▪ At the outset, we note that:

Review of summary judgment is equivalent to review of a court-tried case and, if, as a matter of law the judgment is sustainable on any theory, the judgment of the trial court will be sustained. Review is made of the entire record in a light most favorable to the party against whom summary judgment is entered. The reviewing court first determines whether there is any genuine issue of material fact requiring trial and then determines whether the judgment is correct as a matter of law. The moving party has the burden to show that he is entitled to judgment as a matter of law.

*Hayes v. Hatfield,* 758 S.W.2d 470, 472[1] (Mo.App.1988); Rule 74.04(c). No genuine issue of material fact exists since the case was submitted to the Circuit Court on cross-motions for summary judgment with a stipulated record including a stipulation of facts and various affidavits filed by the parties.

▪ The record reveals that, on November 12, 1986, appellant filed a petition on account against respondent in the Associate Division alleging that respondent was indebted to him for the sale of goods and services. Summons issued that day and returned *non est* on December 3, 1986. Thereafter, on February 6, 1987, an alias summons was served on respondent. The alias summons required respondent to appear in Associate Civil Division 38 of the Circuit Court at 9:30 a.m. on February 18, 1987. The summons contained the following sentence printed in bold-faced type: **"Each defendant is hereby notified that if you fail to appear and answer at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in this complaint."** The relief demanded was $4425.00 plus 18% per annum interest together with costs expended. Neither respondent nor anyone on its behalf appeared at Associate Civil Division 38 at 9:30 a.m. on February 18, 1987, contacted Division 38 by telephone either before or after the 9:30 a.m. docket call to determine the disposition of the case, nor contacted appellant's attorney regarding the court date or the case in general. A default judgment was entered that day against respondent in the amount of $4956.00 plus costs. At approximately 3:10 p.m. of that same day, respondent's attorney filed an entry of appearance and request for an additional thirty days to file responsive pleadings to appellant's petition. During oral argument, respondent's attorney admitted not knowing whether anyone had checked to see if the request for additional time to file pleadings had been granted or denied. Three to four days after February 18, 1987, appellant's attorney received a copy of respondent's entry of appearance and request for additional time. Attorney for appellant stated in his affidavit that he assumed respondent's attorney would either contact the court, set aside the judgment, or contact him to discuss the case.

On March 20, 1987, respondent's attorney filed an answer and counterclaim captioning the case as being in the Associate Division. Appellant's attorney did not receive this answer and counterclaim until April 17, 1987. By that time, garnishments had already been directed to respondent's accounts at two banks. It was only on April 14, 1987, when the garnishments were served on the banks, that respondent and its attorney learned of the default judgment. Two days later, on April 16, 1987, respondent's attorney contacted appellant's attorney regarding the default judgment. Prior to April 16, 1987, appellant's attorney had received no contact from respondent's attorney other than the initial entry of appearance and request for additional time. Appellant's attorney did not notify respondent's attorney of the default judgment prior to April 16, 1987. On April 24, 1987, respondent's attorney filed a "Petition in Equity to Set Aside Default Judgment" in the Circuit Court. Cross-motions for summary judgment were filed. On August 3, 1988, the Circuit Court sustained respondent's motion and entered its judgment setting aside the default judgment.

Since the case was submitted on a stipulated record, the dispositive issue on appeal is whether the judgment is correct as a matter of law. In *Sprung v. Negwer Materials, Inc.*, 727 S.W.2d 883 (Mo. banc 1987), our Supreme Court stated that, to set aside a default judgment, "[e]quity requires that the defendant show a meritorious defense, good reason or excuse for the default and that no injustice will accrue to the plaintiff as a result of the delay occasioned by setting aside the judgment." *Id.* at 889[4, 5]. "Good reason or excuse" exists when the default occurs "by reason of accident, mistake, inadvertence, mischance or unavoidable circumstances *unmixed with neglect or inattention....*" *Id.* at 888–90[3–6] *quoting Hamm v. Hamm*, 437 S.W.2d 449, 453[2, 3] (Mo.App.1969) (emphasis in original).

Here, there is no dispute that respondent was served with a summons to appear at Associate Civil Division 38 at 9:30 a.m. on February 18, 1987, and that the summons clearly warned that failure to appear will result in entry of a default judgment. A cursory glance of the summons and appellant's original petition on account clearly indicates that the case was filed in the Associate Division. Respondent's own answer and counterclaim caption the case as filed in the Associate Division. Nor is it disputed that no one appeared on respondent's behalf at 9:30 a.m. on February 18, 1987, called the court or appellant's attorney prior to the docket call, or called the court or appellant's attorney to determine the disposition of the case. Indeed, respondent's attorney admitted during oral argument to not knowing whether anyone had checked to see if the requested extension of time in which to file pleadings had been granted or denied, such request coming approximately six hours after the 9:30 a.m. docket call. If respondent's attorney had checked the court file, he would have discovered that a default judgment had been entered. The foregoing clearly establishes neglect and inattention. *See Sprung*, 727 S.W.2d at 889–90[3–6]; *Hamm*, 437 S.W.2d at 453[2, 3]. It is a well-settled principle that negligence of an attorney is negligence of the client. *Hamm*, 437 S.W.2d at 454[10, 11]. The Circuit Court's judgment setting aside the default judgment is incorrect as a matter of law.

Judgment reversed.

DOWD, P.J., and HAMILTON, J., concur.