UNITED POSTAL SAVINGS ASSOCIATION, Plaintiff–Respondent,

v.

NORBOB ENTERPRISES, INC., Defendant–Appellant.

No. 57245.

Missouri Court of Appeals, Eastern District, Division Four.

June 29, 1990.

Charles Alan Seigel, III, Clayton, for defendant-appellant.

Michael Allen Campbell, St. Louis, for plaintiff-respondent.

STEPHAN, Judge.

United Postal Savings Association brought this action against Norbob Enterprises, Inc. to collect unpaid prepayment penalties on two promissory notes. The trial court granted summary judgment in favor of United Postal and Norbob appeals.

The facts surrounding the two notes are somewhat confusing. The first promissory note (Note A) was executed by Marie Day on April 1, 1976. The note named Lafayette Federal Savings and Loan Association as payee, and was in the principal amount of $438,000.00. Marie Day also executed a deed of trust in favor of Lafayette pledging certain real estate as security on the note. On November 1, 1978, Norbob purchased the real estate described in the deed of trust from Marie Day. Thereafter, Norbob assumed the payments due under the note and deed of trust until June 1, 1988, at which time the property was sold.

The second promissory note (Note B), in the principal amount of $300,000.00, was executed by C.L. Girard on behalf of Norbob on November 30, 1978. It also named Lafayette as payee. In connection with the execution of Note B, Girard also executed a second deed of trust pledging, on Norbob's behalf, the same real estate described in the first deed of trust.

Both notes matured on April 1, 1989 and provided for prepayment penalties: "20% of original amount of loan may be paid in any year during the life of the loan without penalty. 180 days interest at 10% will be charged on any additional amount paid in any one year." The second deed of trust contained the following provision: "Party of the First Part also agrees promptly to pay when due all notes, and to perform all covenants, in any deed of trust prior in lien to these presents."

During the spring of 1988, Norbob contemplated selling the subject property. United Postal was contacted to discuss liquidation of the notes and release of the deeds of trust. Norbob requested waiver of the prepayment penalties, but was told that the penalties would not be reduced or modified in any way and that the prepayment penalties would be due and owing if the property was sold prior to the date of maturity.

The property was sold June 1, 1988. United Postal prepared loan payoff statements containing an itemization of principal and interest due on each loan as of the date of sale. These statements did not contain prepayment penalties.

Norbob paid the principal and interest due, but, when the documents were reviewed, the error was discovered and an amended payoff statement was prepared. Norbob refused to pay any additional amounts.

United Postal filed a two count petition against Norbob seeking recovery of the prepayment penalties. Norbob answered denying liability and alleging affirmative defenses, to which United Postal replied. Thereafter, Norbob filed a motion to dismiss or, alternatively, for summary judgment. United Postal filed suggestions in opposition and a cross-motion for summary judgment which included the affidavit of Gerald A. Bollwerk, Vice President of United Postal. No counteraffidavits were filed. Summary judgment was granted in favor of United Postal after a hearing.

Norbob appeals the order of the trial court denying Norbob's motion to dismiss or, alternatively, for summary judgment, granting United Postal's motion for summary judgment and awarding United Postal the prepayment penalties for the following reasons: 1) United Postal was not the real party in interest; 2) United Postal's petition failed to state a claim for which relief could be granted; 3) even if United Postal amended its claim, it would not prevail on the merits; 4) Norbob was released from liability pursuant to § 400.3–605, RSMo 1986; and 5) Norbob is not liable on Note A because it was not the maker of the note.

■ Review of summary judgment is equivalent to review of a court-tried case, and, if, as a matter of law, the judgment is sustainable on any theory the judgment of the trial court will be sustained. *J.R. Green Properties, Inc. v. Meixner*, 778 S.W.2d 342, 343 (Mo.App.1989). Review is made on the entire record in a light most favorable to the party against whom summary judgment is entered. *Id.* The moving party has the burden of showing it is entitled to summary judgment as a matter of law. *Id.* The reviewing court first determines whether there is any genuine is-

sue of material fact and then determines whether the judgment is correct as a matter of law. *Id.*

Norbob's first point alleges that United Postal is not the real party in interest because it failed to plead or prove that it is the holder of the notes. Rule 52.01 provides, in part, "[e]very civil action shall be prosecuted in the name of the real party in interest...." In a suit on a promissory note, a party must be a holder in order to be the real party in interest. *See, Apperson v. Herx,* 772 S.W.2d 17, 18 (Mo.App. 1989). The "holder" is the "person who is in possession of a document of title or an instrument or an investment security drawn, issued or endorsed to him or to his order or to bearer or in blank." § 400.1–201(20), RSMo 1986.

In the case of suit on a note, presentment of the note or satisfactory proof that it has been lost or destroyed are essential elements of the case. *Union Savings Bank v. Cassing,* 691 S.W.2d 513, 514 (Mo.App.1985). The same is not true of an action brought on a debt. *Id.* The promissory note, then, is only one of several means of proving the agreement and obligation. *Id.* at 514–515.

The action here began with the promissory notes, but only as they have since been incorporated into the second deed of trust. United Postal, through the use of its vice president's affidavit and the payoff statements, proved that the prepayment penalties had not been paid. The second deed of trust, signed by Norbob, provided that Norbob would pay all notes and perform all covenants, in any prior deed of trust. Norbob has not filed a counteraffidavit to refute this. When a motion for summary judgment is supported by affidavit, as United Postal's is, an adverse party may not rely solely upon its pleadings or argue that it has evidence for trial that will disclose issues of fact, rather the adverse party must come forward with affidavits, depositions or other evidence showing that a genuine issue of material fact exists. *Fischer v. National Industrial Services, Inc.,* 735 S.W.2d 114, 117 (Mo. App.1987).[1]

We are compelled to address one other matter Norbob presented in its reply brief. Norbob asserts that the notes were made payable to Lafayette Federal Savings and Loan Association and were not endorsed to United Postal. Norbob did not raise this issue as an affirmative defense. Our review is limited to those issues which were before the trial court. *Rietsch v. T.W.H. Company,* 702 S.W.2d 108, 112 (Mo.App.1985). An appellate court will not, on review, convict a trial court of error on an issue which was not before it to decide. *Id.* Moreover, the first time Norbob raises this issue is in its reply brief. Common fairness precludes this court from considering issues raised for the first time in a reply brief to which no response is authorized. *Kessler v. Kessler,* 719 S.W.2d 138, 140 (Mo.App.1986). Point I is denied.

Norbob's second point asserts that United Postal's petition failed to state a claim for relief on the promissory notes. Norbob argues United Postal should have pled that a unilateral mistake existed regarding the failure to collect prepayment penalties before "cancelled" was stamped on the note. United Postal should, therefore, go before a court of equity to reform the instruments by deleting the word "cancelled" from the face of the notes.

Reformation of an instrument is proper when it is shown by clear, cogent and convincing evidence that the instrument fails to reflect a valid underlying agreement between the parties due to fraud, mutual mistake, or such other grounds as will satisfy requirements for equitable relief. *Brennan v. Missouri State Employees' Retirement System,* 734

---

**1.** In its reply brief, Norbob argues that the depositions of its principals were also presented to the trial court for consideration. Those depositions are not part of the record on appeal. They were not filed with the trial court until July 28, 1989, eight days after United Postal's motion for summary judgment was sustained. Since we do not know what these depositions actually say and because they were filed late, we cannot say that they present a genuine issue of material fact.

S.W.2d 230, 232 (Mo.App.1987). As stated, *supra*, the debt was proved through the affidavit of Gerald Bollwerk, the second deed of trust and the language of the promissory notes. These instruments, together, accurately reflect the underlying agreement of the parties. A suit in equity for reformation is unnecessary.

Norbob next argues that the trial court erred in granting United Postal's motion for summary judgment because United Postal could not prevail on the merits. Norbob argues that the case *J.J. Schaefer Livestock Hauling, Inc. v. Gretna State Bank*, 229 Neb. 580, 428 N.W.2d 185 (1988) is on point. We disagree.

In *Schaefer*, two promissory notes were stamped "paid" by the vice president of the bank and returned to the maker. The court held that the plain language of the Uniform Commercial Code § 3–605(1)(b) was controlling. That is, "The holder of an instrument may even without consideration discharge any party by renouncing his rights by a writing signed and delivered or by surrender of the instrument to the party to be discharged." Based on this language the court determined the notes had been discharged. For our purposes, however, the court made one distinguishing comment, "A clerical error should be contrasted to the actions of a bank president and vice president." *Schaefer*, 229 Neb. at 587, 428 N.W.2d at 190.

United Postal's loan payoff statements were prepared by an employee of the bank and were not reviewed by an officer until after the closing date. Marking a note "paid" raises the presumption of payment. *Mercantile Bank and Trust Company v. Vilkins*, 675 S.W.2d 673, 674 (Mo.App.1984). On the other hand, the cancellation of a debt which is made unintentionally, or under mistake or without the authority of the holder does not discharge the debtor. *Pentagon Federal Credit Union v. Edwards*, 571 S.W.2d 679, 682 (Mo.App.1978).

The affidavit attached to United Postal's motion for summary judgment indicated that the payoff statements contained a clerical error and that the notes were cancelled unintentionally. Norbob failed to file a counter-affidavit, *supra*, and may not rest upon its pleadings to show the existence of a genuine issue of material fact. *St. Charles County v. Dardenne Realty Company*, 771 S.W.2d 828, 830 (Mo. banc 1989); Rule 74.04(e). Summary judgment was, therefore, properly granted. Point III is denied.

Norbob also argues that it was released from its obligation on the debt. As stated, *supra*, the cancellation was due to a clerical error, therefore, any discharge or release is ineffective. *See, Household Finance Company v. Watson*, 522 S.W.2d 111, 116 (Mo.App.1975). Point IV is denied.

Lastly, Norbob argues that it was not liable on Note A because it was not the maker of the note and that the maker, Marie Day, did not sign it as a representative of Norbob. This argument ignores the undisputed fact that, in the second deed of trust executed by Norbob, it specifically assumed "all covenants, in any deed of trust prior in lien to these presents." Point V is denied.

The judgment of the trial court is affirmed.

HAMILTON, P.J., and CARL R. GAERTNER, J., concur.