**Karen MITCHELL and Steven Mitchell, Appellants,**

v.

**Judith O'HEARNE and Robert O'Hearne, Respondents.**

**No. 56952.**

Missouri Court of Appeals, Eastern District, Division One.

Aug. 28, 1990.

James E. Godfrey, St. Louis, for appellants.

Thomas Joseph Plunkert, St. Louis, for respondents.

CRIST, Judge.

Plaintiffs-tenants, Karen and Steven Mitchell, appeal the granting of a directed verdict at the close of their case in favor of defendants-landlords, Judith and Robert O'Hearne. Tenants' case arose out of an injury sustained on the leased property. We affirm.

We review the evidence most favorable to plaintiffs-tenants and disregard defendants-landlords' evidence except insofar as it supports tenants' case. *Highway and Transportation Commission v. Keeley*, 780 S.W.2d 84, 87 [1, 2] (Mo.App.1989). Our review is not, however, limited to isolated facts, but includes all of the evidence adduced in tenants' behalf. *Id.*

On March 30, 1985, tenants signed lease with landlord-wife of her residence at 5742 Birch Hollow in St. Louis County. Tenants moved in on April 15, 1985.

In August, 1985, tenants experienced trouble with the garage door. Tenant-husband noticed the track for the garage rollers was bent, and told his wife to be careful opening and closing the garage door. Tenants called the landlords about repairing the garage door. The landlords said they would fix it. However, no one came out to fix it.

Tenants called a repairman to look at the garage door. The repairman testified the roller system on the garage door was worn to the point where it needed to be replaced. Tenant-husband called landlord-wife and gave her the repairman's estimate. However, she told tenant-husband not to have any repairs done to the garage door, and that she would send someone to look at it. However, no one came to repair it.

On October 2, 1985, after tenant-husband pulled his car out of the garage, tenant-wife pulled the garage door down to close it. The garage door came off the track and fell on her, injuring her.

At the close of tenants' evidence, landlords moved for a directed verdict against tenants. Landlords alleged the lease gave exclusive possession and control of the premises to tenants; that landlords were not responsible for repairs and therefore there was no duty on the part of landlords to repair the garage door. The court sustained the motion for directed verdict.

Tenants appeal contending the evidence established landlords maintained some degree of control over the premises, and the question of control was for the jury. The lease provided "[t]he above premises is leased in its present condition." It also provided "[l]essor is not obligated to make any repairs except as set forth in the lease." Landlords were to be notified before any repairs were made.

■ Where exclusive possession rests with tenant, the landlord is not generally liable for injuries caused by defects. *Flournoy v. Kuhn*, 378 S.W.2d 264, 268 [2–5] (Mo.App.1964). He is liable where he is under an agreement to repair or voluntarily undertakes repairs, and the defects are caused by his negligence in so repairing. *Id.* To show control in the landlord, there must be evidence from which the trier of fact can infer that the tenant surrendered his right to exclusive possession and control. *Erhardt v. Lowe*, 596 S.W.2d 489, 491 [1–4] (Mo.App.1980).

■ Tenants contend landlords retained control evidenced by their coming to inspect the premises and the garage door.

The record establishes landlords came out with the tenants to inspect the premises prior to tenants signing the lease. Landlords told tenants they had had problems with the garage door with a prior tenant. Landlord-husband told tenant-wife to be careful opening the garage door. Since landlords had not yet surrendered control of the premises, this would not establish retention of possession or control of the premises.

■ Tenants also complain about the trial court's exclusion of evidence that landlords repaired the garage door seventeen days after the accident. Repairs made, without a binding contractual obligation to repair, after the tenant has taken possession, do not show that the landlord has retained control for the purpose of making repairs. *Erhardt*, 596 S.W.2d at 491 [7, 8]; *Underwood v. Moloney*, 397 S.W.2d 18, 22 [1–3] (Mo.App.1966). Thus, even if this evidence were admitted, it would not have established landlords retained control of the premises.

Tenants presented insufficient evidence from which it could be established landlords retained control over the premises. This point is denied.

■ Tenants also argue the garage door was a dangerous condition which existed prior to the their taking possession. Under most circumstances a lessor of land is not subject to liability for injuries to his tenant caused by dangerous conditions. *Milne v. Pevely Dairy Co.*, 641 S.W.2d 158, 160 [1] (Mo.App.1982). An exception arises when at the time the lease is made a dangerous condition on the property creates an unreasonable risk of physical harm to persons on the premises. *Id.* at [2]. The landlord is only liable, however, if the defect is known to him and not to the tenant in the exercise of ordinary care. *Id.* In such cases, the landlord has a duty to disclose to the tenant that the dangerous condition exists. *Id.*

■ This exception does not apply here. Prior to the signing of the lease, landlord-husband showed tenant-wife the garage door and told her there was a problem with

it. He asked her to open the garage door carefully. Then in August, 1985, tenants began to experience difficulty with the garage door. Tenant-husband told tenant-wife to be careful opening and closing the garage door because the rollers were not properly on the track. Tenants called landlords about the problem. When they got no satisfaction, tenants called a repairman on their own. The repairman's conclusion was that the track and roller system was beaten to the point that it needed to be replaced. This evidence establishes both parties were aware of the garage door's damage before and after the tenants signed the lease.

■ Landlords' liability continues only until the tenants had reasonable opportunity to discover the condition and to take precautions to remedy it. *Milne*, 641 S.W.2d at 160 [3]. Tenants had reasonable opportunity to discover the condition and to take precautions to remedy it. This point must fail.

The trial court did not err in granting a directed verdict in favor of defendants.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.