Charzetta **FRAZIER**, Plaintiff/Appellant,

v.

George **RIGGLE**, Defendant/Respondent.

No. 61530.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 27, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Dec. 3, 1992.

Application to Transfer Denied
Jan. 26, 1993.

---

•    •    •    •    •

occupied in December, 1989; (2) prior to plaintiff commencing occupancy and becoming a tenant at those premises, the parties entered an agreement "wherein defendant agreed to make certain repairs to the premises ..., a portion of which was to repair and make safe the carpeting covering the steps at the entrance to the premises ..."; (3) the carpeting on the steps was in a state of disrepair, "torn, uneven and had exposed areas of wood on same"; and (4) on December 11, 1989, plaintiff was injured when she fell as a result of her foot becoming "entangled in the carpeting on said steps where same was in a state of disrepair...."

Defendant filed a motion for summary judgment. together with excerpts from plaintiff's deposition. In his motion, defendant asserted he was entitled to summary judgment on the grounds that: (1) "according to the plaintiff's deposition testimony and the allegations contained in her petition, plaintiff, at all times, knew that the stairs had allegedly fallen into a state of disrepair"; (2) "plaintiff's knowledge of the alleged disrepair of the stairs in question forecloses any liability on the part of this defendant for any injuries allegedly resulting from said condition"; and (3) no genuine issues of material fact remained in the litigation.

█ "The moving party has the burden of showing it is entitled to summary judgment as a matter of law." *United Postal Sav. v. Norbob Enter.*, 792 S.W.2d 898, 900 (Mo.App.1990). We review "the entire record in a light most favorable to the party against whom summary judgment is entered." *Id.* Such review "is equivalent to review of a court-tried case, and, if, as a matter of law, the judgment is sustainable on any theory the judgment of the trial court will be sustained." *Id.* We first determine whether any genuine issue of material fact remains; we then determine whether the judgment is correct as a matter of law. *Id.* at 900–01.

In her sole point, plaintiff contends the trial court erred in granting defendant's motion for summary judgment, because the record demonstrates defendant was not en-

Theodore H. Hoffman, Jennifer J. Finley, St. Louis, for plaintiff/appellant.

Russell F. Watters, T. Michael Ward, Brown & James, P.C., St. Louis, for defendant/respondent.

AHRENS, Presiding Judge.

In this personal injury action, plaintiff, Charzetta Frazier, appeals from the trial court's order granting summary judgment in favor of defendant, George Riggle. We reverse and remand.

Plaintiff alleged in her petition that: (1) defendant owned, operated, managed, and retained control of the premises plaintiff

titled to a judgment as a matter of law, in that "the mere fact [plaintiff] had knowledge of a dangerous condition in the leased premises does not discharge the landlord's duty to keep the premises, over which he has retained control, in a reasonably safe condition."

"The general rule is that the landlord is not liable to the tenant for injuries caused by a dangerous condition, whether natural or artificial, which existed at the time the tenant took possession under the lease." *Nenninger v. Trustees of Oran Life Tabernacle Church,* 789 S.W.2d 530, 532 (Mo. App.1990). While defendant acknowledges there are exceptions to this rule, he asserts, "the record before the trial court established as a matter of law that no exception to the general rule applied...."

Defendant argues that because plaintiff testified in her deposition that she was aware of the torn carpeting on the steps prior to falling, the record establishes that the "latent defect exception" does not apply in this case. That exception to the general rule "arises when at the time the lease is made a dangerous condition on the property creates an unreasonable risk of physical harm to persons on the premises." *Mitchell v. O'Hearne,* 795 S.W.2d 603, 605 (Mo.App.1990). The landlord is liable under that exception only "if the defect is known to [the landlord] and not to the tenant in the exercise of ordinary care." *Id.* "In such cases, the landlord has a duty to disclose to the tenant that the dangerous condition exists." *Id.*

Plaintiff does not assert in her petition that the alleged dangerous condition of the carpeting on the steps was unknown to her and was not discoverable by her in the exercise of ordinary care. Rather, plaintiff's claim is based on the rule that " 'a landlord is under a duty to exercise ordinary care to keep the portions of the premises which he [or she] retains in his [or her] control [in] a reasonably safe condition for the use intended and is liable for damages for personal injuries resulting from his [or her] failure to perform that duty.' " *Lemm v. Gould,* 425 S.W.2d 190, 194 (Mo. 1968) (quoting *Peterson v. Brune,* 273

S.W.2d 278, 280 (Mo.1954)); *see also Harrison v. Roberts,* 800 S.W.2d 40, 42 (Mo.App. 1990).

Defendant contends that this "retained control exception had no application as a matter of law because [defendant] did not exercise sufficient dominion and control over [plaintiff's] apartment to give rise to a duty,...." Defendant contends that "[w]hether the requisite control necessary to establish a duty has been shown is a question of law for the Court to make and not for the jury." Although the "existence of a duty is purely a question of law," *Aaron v. Havens,* 758 S.W.2d 446, 447 (Mo. banc 1988), our courts have held that a duty exists when a landlord retains control over a portion of the premises. *Lemm,* 425 S.W.2d at 194; *Harrison,* 800 S.W.2d at 42; *Milne v. Pevely Dairy Co.,* 641 S.W.2d 158, 161 (Mo.App.1982). The question of whether the landlord retained control, however, is a matter for the trier of fact. "To show control in the landlord there must be evidence from which *the trier of fact* can infer that the tenant surrendered his [or her] right to exclusive possession and control." (Emphasis added). *Erhardt v. Lowe,* 596 S.W.2d 489, 491 (Mo.App.1980); *see also Stubbs v. Panek,* 829 S.W.2d 544, 546 (Mo.App.1992); *Lemm,* 425 S.W.2d at 195.

■ Defendant asserts plaintiff filed no response in opposition to his summary judgment motion and "in no way enumerated as a matter of record in the trial court what she was relying upon to oppose [defendant's] motion." Our initial focus is not upon what plaintiff failed to do in response to defendant's summary judgment motion, but rather upon the sufficiency of the supporting evidence defendant filed to sustain his burden of establishing the absence of any genuine issue of material fact. *See Landmark North County Bank & Trust Co. v. National Cable Training Centers, Inc.,* 738 S.W.2d 886, 890 (Mo.App.1987). Further, "[a]lthough a party may not rely solely upon the allegations of his [or her] pleadings, those allegations not controverted by the affidavits and other supporting documents of the movant may be consid-

**74**

ered as admitted by the moving party." *Pine Lawn Bank and Trust Co. v. Schnebelen,* 579 S.W.2d 640, 642 (Mo.App.1979). Defendant presented no evidence to controvert the allegation in plaintiff's petition that defendant retained control over the premises and agreed to make repairs. Accordingly, a genuine issue of material fact remains, and the trial court erred in granting summary judgment.

The trial court's judgment is reversed, and the cause is remanded.

CRIST and REINHARD, JJ., concur.