Dewitt OTTERMAN and Carolyn Otterman, Appellants,

v.

HAROLD'S SUPERMARKETS, INC., Respondent.

No. WD 59785.

Missouri Court of Appeals, Western District.

Dec. 26, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 29, 2002.

Weldon W. Perry, Jr., Lexington, for appellants.

Robert E. Gould, Kansas City, for respondent.

Before: SMART, P.J., LOWENSTEIN and ELLIS, JJ.

HAROLD L. LOWENSTEIN, Judge.

The question before the court is whether the trial court properly granted the defendant land owner's motion for summary judgment in plaintiff customer's negligence suit.

Appellant, Dewitt Otterman, appeals from the trial court's grant of summary judgment to respondent, Harold's Supermarket, Inc., finding that it did not have a duty to remove the snow and ice from the ramp on Harold's premises upon which Otterman fell and injured himself. The sole issue on appeal is whether, as a matter of law, Harold's had assumed a duty based on its ongoing efforts to plow its parking lot.

### Factual and Procedural History

The facts in this case are sketchy. They are taken from Otterman's deposition, which is somewhat inconsistent and hard to follow, and from Harold's motion for summary judgment which recites "uncontroverted" facts to which Otterman has stipulated.

At 8:00 a.m. on December 1, 1996, Otterman, a 71–year–old man, left his Lexington, Missouri, apartment to walk to Harold's Supermarket (Harold's), located approximately a half-mile away. It had snowed the night before and there was an inch of snow and ice accumulation on the ground. Otterman walked the entire way to Harold's without incident. None of the streets on Otterman's route had been cleared or plowed. Otterman entered Harold's parking lot from 20th Street. Although no diagrams or photographs accompanied the legal file, the only entry to the store itself is to go up a ramp (paved driveway) to a parking lot level adjacent to the store's front door. When Otterman arrived at Harold's, he noticed that there was an inch of snow and ice on the ramp going to the parking lot. The ramp had not been cleared or treated. He decided to walk through the grass to the left side of the ramp so that he could get better traction. When Otterman entered the parking lot, he noticed it was in the process of being cleared by a truck with a blade.

Some fifteen minutes after entering the store, Otterman left with his groceries and observed that the parking lot was still in the process of being cleared. He then attempted to carry his groceries down the ramp, which still had not been treated or cleared. He slipped on the snow and ice and fell, resulting in a dislocated left shoulder and multiple breaks in his left wrist.

Otterman and his wife filed a petition against Harold's alleging negligence and loss of consortium. The petition alleged Harold's failed to exercise the highest degree of care by failing to correct the slippery conditions and by failing to provide pedestrians steps or a sidewalk to access and leave the property. The trial court granted Harold's motion for summary judgment finding that Harold's had no duty to remove the ice and snow. Otterman appeals.

## Standard of Review

■ The propriety of summary judgment is purely an issue of law, and this court's review is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply*, 854 S.W.2d 371, 376 (Mo. banc 1993). This Court reviews the record in the light most favorable to the party against whom summary judgment was entered. *Fisher v. State Highway Comm'n*, 948 S.W.2d 607, 611 (Mo. banc 1997). Summary judgment is proper when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Id.*; Rule 74.04(c).

## I.

Otterman argues in his sole point on appeal that the trial court erred in entering summary judgment in favor of Harold's because it had a duty to maintain the inclined driveway free and clear of snow and ice to provide safe pedestrian access to its store.

■ Generally, an invitor has no duty to remove snow or ice on outside areas where the snow or ice accumulated naturally as a result of general conditions within the community. *Willis v. Springfield Gen. Osteopathic Hosp.*, 804 S.W.2d 416, 419 (Mo. App.1991). This rule is the same for landlords, municipal corporations, invitors and employers. *Alexander v. Am. Lodging, Inc.*, 786 S.W.2d 599, 601 (Mo.App.1990).

■ A defendant, however, may voluntarily assume a duty to protect the safety of an invitee, and once such a duty is assumed, the defendant must exercise reasonable care. *Gorman v. Walmart Stores, Inc.*, 19 S.W.3d 725, 732 (Mo.App.2000).[1]

Thus, even if a possessor of land has no duty to an invitee to remove snow or ice that has accumulated naturally and is a condition general to the community, such as the case here, there is an exception to the rule where the possessor assumes a duty to remove snow and ice from common areas. *Id.* This exception arises where the duty is assumed by a course of conduct or agreement. *Id.* (citing *Alexander*, 786 S.W.2d at 601).

The pivotal question in this case is whether Harold's assumed a duty to remove the snow and ice by its course of conduct. Harold's had already started the process of removing snow from the parking lot when Otterman fell on the adjacent ramp which had yet to be treated.

■ Generally in snow and ice cases, a duty has been found where the conditions on an invitor's premises have been altered. *Gorman*, 19 S.W.3d at 732 (evidence that the condition of the sidewalk where the plaintiff fell had been altered by applying salt prior to the time he fell provided a basis for a finding that Walmart had assumed a duty to plaintiff); *Alexander*, 786 S.W.2d at 602 (apartment complex assumed duty to plaintiff by clearing snow and ice and applying salt to parking lot that had naturally accumulated snow and ice general to the area). Here, however, the portion of the property where Otterman fell had yet to be altered. Thus, it must be determined if Harold's assumed a duty toward the plaintiff by beginning to remove the snow and ice from its parking lot. "Whether a duty exists is a question of law for the court to decide."

---

1. These issues are also addressed in *Hellmann v. Droege's Super Market, Inc.*, 943 S.W.2d 655 (Mo.App.1997), however, in that case a trial was had and the case focused on a determination of whether there was a breach of a duty of care for an open and obvious danger. The case at bar is distinguishable in that a summary judgment was granted for the defendant and the issue is whether the defendant assumed a duty by altering the condition of snow and ice that accumulated naturally and was a condition general to the community.

*Weaks v. Rupp,* 966 S.W.2d 387, 392 (Mo. App.1998).

■ The only evidence set forth in the record was the deposition testimony of Otterman. Otterman testified that when he arrived at Harold's he noticed snow and ice on the ramp so he walked through the grass to the left of the ramp for traction. He also noticed that a truck with a blade on it was shoveling the parking lot. When Otterman left the store, some fifteen minutes later, the parking lot was still being shoveled, but the ramp was still covered in ice and snow. Otterman testified that he "took a chance" and decided to walk down the ramp. Otterman fell and injured himself.

■ Although Otterman testified that the parking lot was in the process of being plowed and as such had been altered, that is insufficient evidence for a court to determine as a matter of law that Harold's had not assumed a duty to remove the snow and ice from the ramp leading to it from the street. " 'The moving party has the burden of showing it is entitled to summary judgment as a matter of law.' " *Frazier v. Riggle,* 844 S.W.2d 71, 72 (Mo. App.1992) (quoting *United Postal Sav. Ass'n. v. Norbob Enters. Inc.,* 792 S.W.2d 898, 900 (Mo.App.1990)).

Discovery may reveal further facts which would support a grant of summary judgment to Harold's. The facts here, however, suggest that Harold's assumed a duty by altering the icy and snowy conditions in an adjacent area to the ramp where Otterman fell. Harold's implied argument that it had only assumed a duty on the parking lot but not on its entire property including its ramp from 20th street to the lot is not convincing. Since Harold's has not shown it is entitled to judgment as a matter of law, summary judgment in its favor was not proper.

The judgment is reversed and the cause is remanded.

All concur.