John COOPER, Plaintiff/Appellant,

v.

CAPITAL INVESTMENT, LLC, Defendant/Respondent.

No. ED 87541.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 24, 2006.

Douglas S. Teasdale, Teasdale O'Grady, LLP, St. Louis, MO, for appellant.

Pamela M. Triplett, Law Offices of Donald B. Balfour, Chesterfield, MO, for respondent.

## OPINION

MARY K. HOFF, Judge.

John Cooper (Cooper) appeals from the trial court's judgment granting Capital Investment, LLC's (Capital Investment) Motion for Summary Judgment (Motion) in favor of Capital Investment on Cooper's petition for personal injuries and damages (Petition). The trial court erred in granting summary judgment because there exists a genuine dispute as to the material facts; thus, we reverse the judgment and remand the case for further proceedings.

*Facts and Procedural Background*

Viewing the record in the light most favorable to Cooper, the party against whom judgment was entered, the facts are as follows:

Capital Investment owned and/or operated and controlled real estate abutting the sidewalk on Forsyth Avenue in Clayton, Missouri (the Property). On January 18, 1998, at approximately 7:30 p.m., Cooper was walking on the sidewalk in front of the Property when he slipped and fell on ice that partially covered the sidewalk, injuring his pelvis, back, and legs. Cooper subsequently filed his petition against Capital Investment alleging that: the condition of the sidewalk was dangerous and defective; Capital Investment knew or, by using ordinary care, should have known, of the sidewalk's condition; and Capital Investment failed to remedy, remove, barricade, or warn against the sidewalk's condition.

Capital Investment filed its answer to the Petition: denying that Cooper's injuries were caused by Capital Investment's negligence; asserting that Cooper was comparatively negligent by failing to keep a careful lookout; and affirmatively stating that any condition of the sidewalk existing at the time of Cooper's slip and fall was the result of a natural accumulation of ice and/or snow or the result of an open and obvious condition, thus, Capital Investment was not liable.

Later, Capital Investment filed its Motion arguing that, although Cooper fell on ice on the sidewalk in front of the Property, summary judgment was proper because Capital Investment had no duty to remove ice or snow from an outside area of the Property where the ice or snow had accumulated naturally as a result of the general weather conditions in the community. To demonstrate that the general weather conditions had caused the accumulation of ice and snow on the Property,

Capital Investment attached to its Motion a weather table published by the U.S. Department of Commerce National Climatic Data Center (weather table). Capital Investment alleged that the weather table showed the temperature never climbed above 32 degrees Fahrenheit on the day Cooper slipped and fell and that mist and light snow were present in the St. Louis area immediately prior to Cooper's fall. The weather table was not part of an overall weather report, did not contain specific information about the weather conditions at the Property itself, and was not accompanied by an affidavit certifying its authenticity or accuracy. Capital Investment further argued that it had not treated the ice on which Cooper fell with either sand or ice melt and, because Cooper did not allege or present evidence that Capital Investment negligently attempted to clear the area, Capital Investment owed no duty to Cooper and could not be found liable.

Cooper filed a response in opposition to Capital Investment's Motion contending that summary judgment was improper because, although the parties did not dispute that there was ice on the sidewalk when Cooper slipped and fell, the parties genuinely disputed whether the ice was the result of a general condition of ice and snow in the community or was an isolated condition unique to the Property. Cooper responded that: Capital Investment's sole evidence supporting its assertion of a general condition of ice and snow was the weather table, but Capital Investment had not established the weather table's correlation to the weather conditions at the Property on the day Cooper fell; the "unverified and unexplained" weather table, which showed the average temperature in the St. Louis area as 32 degrees Fahrenheit or below and other statistical weather information, was not dispositive of whether there existed a general condition of ice and

snow; and a canopy attached to the Property and hanging over the sidewalk may have discharged water that refroze on the sidewalk below, thereby altering "the natural accumulation of ice." Cooper also responded that the deposition testimony of Capital Investment's representative, Kerry Klarfeld (Klarfeld), did not support Capital Investment's position that there was a general condition of ice and snow. Klarfeld had testified that he did not know what the weather conditions were at the time of Cooper's slip and fall and that he did not know if sand or an ice-melting substance had been applied to the sidewalk abutting the Property prior to Cooper's slip and fall. Cooper further responded that his deposition testimony contradicted Capital Investment's assertions concerning the existence of a general condition of ice and snow at the time of his slip and fall. Cooper had testified that much of the ice present early in the day had melted by the evening and that he did not remember seeing ice in the immediate area or on the sidewalks abutting any of the neighboring businesses before falling in front of the Property.

Capital Investment thereafter filed a reply stating that it previously had filed an Affidavit of Business Records for the weather table and that the "previously filed Certificate of Service of Business Records and a complete copy of the U.S. Department of Commerce Certified Record" (Certified Record) was attached to the reply. Capital Investment explained that the Certified Record contained data collected at St. Louis International Airport and established the existence of a condition of light snow or mist in the area on the day of Cooper's slip and fall. Capital Investment claimed that Cooper's testimony indicating that the sidewalks of businesses immediately adjacent to the Property were free of ice and Karfeld's

testimony indicating that Klarfeld did not remember the weather conditions on the date of Cooper's slip and fall did not indicate there were genuinely disputed issues of material fact but, instead, established that Cooper and Klarfeld simply did not remember the weather conditions. Capital Investment further claimed that it was entitled to summary judgment as a matter of law because: Cooper had not presented any evidence indicating the ice on which Cooper slipped and fell came from the canopy hanging over the sidewalk; and Cooper's deposition testimony that the conditions at the time of his slip and fall were cloudy, overcast with slight drizzle, and ice present in the morning had melted in many places by evening, actually corroborated the Certified Record's data concerning the general weather conditions.

The trial court subsequently called and heard Capital Investment's Motion and granted the Motion without elaboration. This appeal follows.

### Standard of Review

Summary judgment is proper where the pleadings and the discovery, exhibits, and affidavits on which the motion relies show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 74.04(c). We view the record of the trial court's grant of a motion for summary judgment in the light most favorable to the party against whom judgment was entered. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Our examination of the submitted record and the applicable law, however, is essentially *de novo. Id.*

■ We take as true the facts set forth by affidavits or otherwise in support of the moving party's summary judgment motion unless contradicted by the non-moving party's response to the motion and accord the non-moving party the benefit of all reasonable inferences from the record. *Id.* If there exists no genuine dispute as to the material facts of the case and the moving party is entitled to judgment as a matter of law, we will affirm the trial court's grant of summary judgment. *Bartel v. Cent. Mkts., Inc.*, 896 S.W.2d 746, 748 (Mo.App. E.D.1995). A "genuine dispute" is one that is real, not imaginary, frivolous or argumentative. *Id.* However, in negligence cases, summary judgment is often inappropriate. *Id.*

### Discussion

■ Cooper presents two points on appeal; however, because our resolution of Cooper's first point is dispositive of the case, we need not address his second point.[1] In his first point on appeal, Cooper argues that the trial court erred in granting summary judgment because there existed a disputed material fact, namely, whether the ice on which Cooper slipped and fell was a dangerous condition unique to Capital Investment's Property or was a general weather condition in the community.

■ Usually, a possessor or owner of land has no duty to remove ice or snow from outside areas or from an abutting

---

1. In his second point on appeal, Cooper argues the trial court erred in granting summary judgment because Capital Investment's Motion was based on inadmissible hearsay, i.e., the copy of the weather table from St. Louis International Airport attached to the Motion without affidavit, and, therefore, contravened Rule 74.04(b) and rendered Capital Investment's Motion fatally defective. In light of our remand to the trial court for further proceedings and because the weather table likely will be presented as evidence at trial, we find it unnecessary to address the merit of Cooper's second point.

sidewalk where the ice or snow accumulated there naturally as a result of the general weather conditions in the community. *Otterman v. Harold's Supermkts., Inc.*, 65 S.W.3d 553, 555 (Mo.App. W.D.2001); *Maxwell v. City of Hayti*, 985 S.W.2d 920, 921 (Mo.App. S.D.1999); *Stein v. Mansion House Ctr.*, 647 S.W.2d 918, 919 (Mo.App. E.D.1983). Missouri courts apply this rule because a general condition of ice or snow creates a natural hazard to everyone who ventures out. *Willis v. Springfield Gen. Osteopathic Hosp.*, 804 S.W.2d 416, 419 (Mo.App. S.D.1991). However, a possessor or owner of land may be liable for injuries occurring on an abutting sidewalk due to ice or snow where the possessor or owner: 1) artificially creates, through negligence or affirmative action, a condition that makes passage unsafe; or 2) makes use of the sidewalk for something other than a sidewalk, which makes the sidewalk more dangerous when slick or wet. *Stein*, 647 S.W.2d at 919. Whether a weather condition of ice or snow was a general condition in the community or was an isolated condition in a particular area and whether a duty exists are questions of fact for a jury. *Otterman*, 65 S.W.3d at 555–56; *Willis*, 804 S.W.2d at 421; *Turcol v. Shoney's Enter., Inc.*, 640 S.W.2d 503, 508 (Mo.App. E.D.1982).

In its Motion, Capital Investment argued that Cooper's slip and fall was the result of the general weather conditions in the community and that the weather table supported such a conclusion as the temperature was 32 degrees Fahrenheit or below, and light snow or mist was present in the St. Louis area. In his response, Cooper argued that there was no such general weather condition when he slipped and fell. However, according to Cooper's response, which was supported by his deposition testimony, the general weather conditions were not necessarily icy or snowy when he fell. During the morning, "there had been

ice, and everybody was very conscious of it[,]" because "it had been slippery everywhere." However, "it had warmed up during the day and in many places the ice had melted." Cooper testified that he had gotten off a bus in Clayton near the Property and noticed that, between the bus stop and the businesses immediately adjacent to the Property, "the sidewalks were clear all along there." Cooper testified that the ground was smooth and that he had "good traction" as he walked on the sidewalk abutting the businesses immediately adjacent to the Property. Cooper further testified that, suddenly, his feet "absolutely slipped out" from under him when he stepped in front of the Property where there was "a sheltering canopy over the walk that extended out from the building" and ice on the sidewalk beneath the canopy. Cooper did not avoid the sidewalk in front of the Property because he did not see ice or snow or any indication that sand or another ice-melting substance had been applied and because the "obvious pathway" was to walk under the canopy attached to the Property and hanging over the sidewalk. Furthermore, Cooper did not see any signs indicating the presence of holes or cracks or that construction or maintenance had been performed on the sidewalk abutting the Property and which may have contributed to his slip and fall. Based on this testimony and the remainder of the record before us, we find that there existed a genuine dispute of material fact in this case. The evidence does not compel the conclusion that there existed a general weather condition of ice and snow at the time of Cooper's slip and fall. Given our standard of review, we find there are genuine issues of material fact and a jury should decide whether Capital Investment, through either affirmative action or negligence, artificially created a condition that made the sidewalk unsafe by allowing the canopy attached to the Property to drain

water onto the sidewalk, where it froze, thereby creating an unnatural accumulation of ice and causing Cooper's slip and fall. *Stein*, 647 S.W.2d at 919; *Kaiser v. Pellegrino*, 601 S.W.2d 306, 308 (Mo.App. E.D.1980). Point granted.

The judgment of the trial court is reversed and the case is remanded for further proceedings.

CLIFFORD H. AHRENS, Presiding Judge, and NANNETTE A. BAKER, Judge, Concur.