Felicia ALEXANDER, Respondent

v.

NATIONAL SUPERMARKETS, INC., Appellant.

No. 42171.

Missouri Court of Appeals, Eastern District, Division No. 4.

May 19, 1981.

Shifrin, Treiman, Barken, Dempsey & Ulrich, Richard B. Dempsey, Clayton, for appellant.

Thomas C. Hullverson, Jim Hullverson, Jr., St. Louis, for respondent.

SMITH, Judge.

Defendant appeals from a jury verdict and resultant judgment against it in the amount of $10,000. Plaintiff, 76 at the time of the accident, was injured when she stumbled over a concrete block on defendant's parking lot and fell, breaking her wrist. We affirm.

On appeal defendant raises two closely related contentions. It is first contended that defendant was not negligent because the obstruction was open and obvious. Secondly, it is contended that plaintiff was contributorily negligent as a matter of law because she did not look where she was walking so as to see this obvious hazard. The block upon which plaintiff tripped was approximately six feet long and basically yellow in color. The photographs reveal that much of the paint had worn off exposing the grayish body of the block which was generally comparable in color to the parking lot surface. The block is similar to those frequently found in parking lots to control driving or mark lanes for parking. The block was parallel to a yellow, marked parking line delineating the side of a parking space, and immediately adjacent to the line. It was a single isolated block with none of its kind nearby and was located next to the front drive of the parking lot which, in turn, was adjacent to the entrance to defendant's supermarket. The only other similar blocks were either located on the edge of the parking lot perpendicular to the parking slots (apparently to prevent cars from hitting a fence at the edge of the lot) or placed as obvious three block cart corrals next to light standards. Except for this block the area nearby was clear of any obstructions of any kind. What the purpose of this solitary block was is unclear from the record. It was suggested in the testimony that it was to preclude parking in a fire lane or was an incomplete cart corral. There was no sign indicating either a fire lane or a prohibition against parking on either side of the block nor were there any other blocks along the driveway. One of defendant's employees testified he was aware that cars and trucks did on occasion park on the driveway side of the block.

Plaintiff, who was a frequent customer of the store, came to the store with two companions at approximately noon on a clear day. She and her lady companion got out of the car at the front door of the store and

the driver then parked the car on the parking lot side of the block with the passenger side next to the concrete block. A yellow truck, type unspecified, was parked on the driveway side of the block partially covering it. The driver of the car in which plaintiff arrived did not notice the block at any time until after plaintiff fell. After completing their shopping, plaintiff and her two companions left the store and walked approximately twenty-five feet to the car. The driver helped the lady companion into the back seat of the car and then opened the front passenger door for plaintiff. As she stepped around the driver to reach the door, plaintiff fell. As she was stepping forward to reach the car door, plaintiff was looking at the door and the seat, not at the pavement. She did not see the concrete block until after her fall. Both she and the driver testified that she tripped on the block.

We need not set forth the general rules of the duty owing from an owner of premises to an invitee as those rules have been frequently stated. Defendant relies upon *Hopkins v. Sefton Fibre Can Company*, 390 S.W.2d 907 (Mo.App.1965) as establishing that dividers or bumpers in parking lots are not concealed dangers as a matter of law and defendant is not negligent in having such dividers or in failing to warn of their presence. We do not interpret *Hopkins* so broadly. There the divider was one of a series of dividers located in patterns perpendicular to the parking lanes. Here we have a single isolated divider, parallel to the parking lane and located next to the doors from which passengers enter and exit vehicles. Its very isolation and singularity on an otherwise obstacle-free parking lot makes it an unanticipated hazard. Its presence and location are for no purpose readily perceptible or foreseeable by members of the general public and in fact were unexplained. Defendant, through its employee, was aware that vehicles on occasion parked improperly on the driveway side of the block thereby concealing it from view of those exiting the store and partially concealing it from persons entering vehicles next to the block. That is what happened here. Its color was such as to match both the parking lot surface and the adjacent yellow parking line, giving it a degree of camouflage.

■ We cannot say as a matter of law that the block was in "plain view" under the circumstances or that the defendant could safely expect its invitees to discover the block and avoid it. *Cunningham v. Bellerive Hotel, Inc.*, 490 S.W.2d 104 (Mo. 1973) [2–6]. The evidence was sufficient to submit defendant's negligence to the jury.

Defendant's argument of plaintiff's contributory negligence is based upon the open and obvious nature of the obstacle and plaintiff's testimony that she was not looking down at where she was walking when she tripped. That contention has been clearly refuted by *Cunningham v. Bellerive Hotel, Inc.*, *supra*, [7] wherein it is stated:

"As already indicated, he testified he was looking where he was going, and walking in the way in which one would normally walk. He knew of nothing constituting a danger, anticipated none, and had no reason to suspect any. Under these circumstances, he was not required to look down at his feet or the pavement at every step, or to survey the pavement with a 'critical eye,' or walk with his eyes 'glued upon' the pavement."

■ Plaintiff's contributory negligence was a question for the jury.

Judgment affirmed.

SATZ, P. J., and SIMON, J., concur.