Frances E. COX, Appellant,

v.

J.C. PENNEY COMPANY,
INC., Respondent.

No. 69412.

Supreme Court of Missouri,
En Banc.

Dec. 15, 1987.

Michael J. Maloney, Kansas City, for appellant.

A. Warren Francis, Kansas City, for respondent.

ROBERTSON, Judge.

Appellant, Frances Cox, a business invitee, filed suit against the J.C. Penney Company, Inc., to recover for damages sustained when she tripped over a luggage strap in a Penney's store. The jury returned a verdict for Penney. The Court of Appeals, Western District, reversed and remanded. We granted transfer to consider the effect of *Gustafson v. Benda*, 661 S.W. 2d 11 (Mo. banc 1983) on MAI 22.03. We have jurisdiction. Mo. Const. art. V, sec. 10. Reversed and remanded.

I.

While shopping in respondent's store, appellant tripped over a luggage strap which she claims extended across an aisle. She alleges that she sustained a wrist fracture and other injuries. Appellant brought suit on the theory that respondent's premises were unsafe for business invitees.

At trial, plaintiff offered and the court refused Instruction A which reads as follows:

INSTRUCTION A

Your verdict must be for plaintiff and you must assess a percentage of fault to defendant if you believe:

First, there was a luggage strap on the floor of defendant's store and as a result the floor was not reasonably safe for customers, and

Second, employees of defendant knew or by using ordinary care could have known of this condition, and

Third, employees of defendant failed to use ordinary care to remove it, and

Fourth, as a result of such failure, plaintiff was injured.

The trial court gave Instruction Nos. 6 and 8 as follows:

INSTRUCTION NO. 6

Your verdict must be for plaintiff and you must assess a percentage of fault to defendant if you believe:

First, there was a luggage strap on the floor of defendant's store and as a result the floor was not reasonably safe for customers, and

Second, *plaintiff did not know and by using ordinary care could not have known of this condition,* and

Third, employees of defendant knew or by using ordinary care could have known of this condition, and

Fourth, employees of defendant failed to use ordinary care to remove it, and

Fifth, as a direct result of such failure, plaintiff was injured.

(Emphasis added.)

INSTRUCTION NO. 8

You must assess a percentage of fault to plaintiff if you believe:

First, plaintiff failed to see the luggage straps on the floor, and

Second, plaintiff thereby failed to use ordinary care, and

Third, such failure of plaintiff to use ordinary care directly caused, or directly contributed to cause, any damage plaintiff may have sustained.

The jury returned a verdict for Penney. Cox appealed.

## II.

The case presents a single issue: Whether Instruction No. 6, which was based on MAI 22.03, is contrary to the theory of comparative fault announced in *Gustafson v. Benda,* 661 S.W.2d 11 (Mo. banc 1985).

### A.

Appellant concedes that she was a business invitee and that Instruction No. 6 is in accord with MAI 22.03. Appellant points out, however, that MAI 22.03 was approved by this Court prior to the adoption of comparative fault in *Gustafson.* Appellant urges that an injured business invitee no longer needs to show that she did not know and by using ordinary care could not have known of an unsafe condition; *Gustafson,*

appellant's argument continues, requires the application of comparative fault in business invitee cases.

Respondent claims that Instruction No. 6 was the proper verdict directing instruction for appellant and that Instruction No. 8 incorporates the teachings of *Gustafson* by authorizing the jury to assess a percentage of fault to plaintiff for her failure to use ordinary care. Respondent further contends that the basis for any liability must be respondent's superior knowledge of an unreasonable risk of harm which cannot be discovered by an invitee exercising ordinary care; respondent's failure to warn of a hidden danger constitutes a breach of a respondent's duty to warn; open and obvious dangers present no duty to warn; absent a breach of duty, respondent cannot be liable for appellant's injuries. Respondent urges that *Gustafson* did not alter the basic requirement of the common law that a breach of a duty by an invitor must be shown before issues of comparative fault are germane.

### B.

At common law, one who invites another to enter his premises owes to his invitee the duty to warn of dangerous conditions which are not likely to be discovered by the invitee. *Harbourn v. Katz Drug Co.,* 318 S.W.2d 226 (Mo.1958). The occupier must also exercise "reasonable affirmative care to see that the premises are safe for the reception of the visitor...." Restatement of Torts, Second, sec. 343, Comment b. This latter duty requires that the occupier "inspect the premises to discover possible dangerous conditions of which he does not know." W.P. Keeton, Prosser and Keeton on Torts, sec. 61 (1984). An open and obvious danger dispenses with the duty to warn, *Harbourn,* unless the occupier should anticipate harm despite constructive knowledge on the part of the invitee. Restatement of Torts, Second, sec. 343A.

MAI 22.03, upon which Instruction No. 6 is patterned, rests on this common law concept. Under MAI 22.03, a plaintiff's failure to exercise ordinary care in discovering an obvious danger is contributory

negligence, and prior to *Gustafson*, would defeat the plaintiff's cause of action.

### C.

■ *Gustafson* abolished contributory negligence as a bar to the plaintiff's recovery in negligence cases. The requirement of MAI 22.03, paragraph second, that a plaintiff "not know and by using ordinary care could not have known" of an unsafe condition is a vestige of the contributory fault system which *Gustafson* sought to end in the name of "fairness and justice". *Id.*, 661 S.W.2d at 15.

Under comparative fault, we leave to juries the responsibility to assess the relative fault of the parties in tort actions. Respondent's duty argument fails in this context because it pretermits jury assessment of respondent's fault for failure to maintain the premises in a reasonably safe condition. In this regard, *Gustafson* modifies the common law relationship between business invitors and their invitees.

Paragraph Second of Instruction No. 6 is inimical to the concept of comparative fault adopted in *Gustafson*. The trial court erred in giving Instruction No. 6.

The judgment of the trial court is reversed and the cause remanded for a new trial.

BILLINGS, C.J., and BLACKMAR, RENDLEN and HIGGINS, JJ., concur.

DONNELLY, J., dissents in separate opinion filed.

WELLIVER, J., dissents and concurs in separate dissenting opinion of DONNELLY, J.

DONNELLY, Judge, dissenting.

In my view, the adoption of a concept of comparative fault in *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983), need not, and should not, cause a change in duties owed, for example, at road intersections, or in the manufacture, design and use of products or, as here, on premises. *See, Sherman v. Platte County*, 642 P.2d 787 (Wyo. 1982).

Prior to *Gustafson*, the following instructions would have been proper in this case:
*Verdict Director*

Your verdict must be for plaintiff if you believe:

First, there was a luggage strap on the floor of defendant's store and as a result the floor was not reasonably safe for customers; and

Second, plaintiff did not know and by using ordinary care could not have known of this condition; and

Third, employees of defendant knew or by using ordinary care could have known of this condition; and

Fourth, employees of defendant failed to use ordinary care to remove it; and

Fifth, as a direct result of such failure, plaintiff was injured.
*Contributory Negligence*

Your verdict must be for defendant if you believe:

First, plaintiff failed to keep a careful lookout; and

Second, plaintiff was thereby negligent; and

Third, such negligence of plaintiff directly caused or directly contributed to cause any damage plaintiff may have sustained.

*See, Wyatt v. Southwestern Bell Telephone Company*, 573 S.W.2d 386 (Mo.App. 1978).

After *Gustafson*, the following instructions would be appropriate in this case:
*Verdict Director*

In your verdict you must assess a percentage of fault to defendant whether or not plaintiff was partly at fault if you believe:

First, there was a luggage strap on the floor of defendant's store and as a result the floor was not reasonably safe for customers; and

Second, plaintiff did not know and by using ordinary care could not have known of this condition; and

Third, employees of defendant knew or by using ordinary care could have known of this condition; and

Fourth, employees of defendant failed to use ordinary care to remove it; and

Fifth, such failure directly caused or directly contributed to cause damage to plaintiff.

*Contributory Fault*

In your verdict you must assess a percentage of fault to plaintiff whether or not defendant was partly at fault if you believe:

First, plaintiff failed to keep a careful lookout; and

Second, plaintiff was thereby negligent; and

Third, such negligence directly caused or directly contributed to cause any damage plaintiff may have sustained.

In sum, the essential elements required to support a verdict in this case after *Gustafson* are the same as the essential elements required to support a verdict before *Gustafson.*

Appellant's real quarrel is with the "idea that the occupier is liable only where his knowledge of the danger was superior to that of the customer * * *." Keeton, *Personal Injuries Resulting from Open and Obvious Conditions*, 100 U.Pa.L.Rev. 629, 634 (1952). Certainly reasonable minds can differ as to whether such idea (which is expressed in Paragraph Second of Instruction No. 6) is sound. But the suggestion that it became a problem with the adoption of comparative fault in Missouri, or that it was intended in *Gustafson* to abrogate it, is without basis in fact. *See, Dean v. Safeway Stores*, 300 S.W.2d 431, 432 (Mo.1957).

I respectfully dissent.