**Charles and Helen MILFORD, Plaintiffs/Appellants,**

v.

**The MAY DEPARTMENT STORES CO., Defendant/Respondent/Cross–Appellant.**

No. 53871.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 22, 1988.

Charles D. Sindel, Clayton, J.W. Gabriel, St. Louis, for plaintiffs/appellants.

John A. Michener, St. Louis, for defendant/respondent/cross-appellant.

GRIMM, Presiding Judge.

In this jury tried case, Charles and Helen Milford appeal from the trial court's order sustaining defendant May Department Store Company's motion for judgment in accordance with motion for directed verdict. That order set aside an award to the Milfords for personal injuries suffered in a "slip and fall." Also, May Company, in the event that order is reversed, cross-appeals from the denial of its motion for new trial. We affirm.

The Milfords' sole allegation of error is that the trial court erred in sustaining May Company's motion in accordance with its motion for directed verdict because the Milfords made a submissible case. We disagree, because a property owner does not have a duty to remove, from its open-air parking lot, freezing rain, sleet, or snow, as it is falling; further, the Milfords did not establish causation. In view of that ruling, we do not reach the May Company's cross-appeal.

Reviewing the evidence in the light most favorable to the Milfords, it discloses that

on the morning of January 1, 1987, it was raining and sleeting, with a little snow mixed in. It would come down for a while, and then let up. At approximately 1 p.m., after it had let up for awhile, Mr. Milford left his house to drive to the Venture store (owned by May Company) in Maplewood. As he left the house, he noticed that the streets and sidewalks were wet. Midway through his 15 to 20 minute drive to Venture, "it started in again. By the time [he] got there, it was going pretty good." It was raining and sleeting when he went into the store.

Mr. Milford was in the store approximately five minutes. Upon leaving the store, Mr. Milford walked, on an angle, over the diagonal yellow lines of the crosswalk across the driveway. He "hit a place where both of [his] feet went from out under [him]" and fell. After he fell, he noticed that it was slippery. He had trouble getting up, and noticed ice between his fingers. A man who helped Mr. Milford up slipped as he aided Mr. Milford to a bench.

The Milfords' only witness as to the condition of the area at or before the time of the fall was Mr. Milford. May Company's sole witness was the assistant store manager on duty that day. She said that precipitation began falling around 10 that morning; it would be light for a while, then get heavier, and then lighten up again. She said that each half-hour, she would go outside, walk into the crosswalk area, and scuff her feet back and forth to see if it was slippery.

The assistant store manager said she last checked at 1:30; Mr. Milford fell at approximately 2:00. At 1:30, she noticed that the parking lot was wet, but she did not see any snow, ice, or slush. She acknowledged that the asphalt parking lot is slicker when it is wet than when it is dry, but she did not detect any ice. Although we briefly summarized the assistant store manager's testimony, we do not consider it in determining the issue of submissibility.

As Milfords' attorney succinctly said at oral argument, "the key question is, what is the effect of ice, on a parking lot that has not been touched by human beings, which has just fallen." He acknowledged that under pre-comparative fault law, no duty existed when a general weather condition prevailed. Since there was no duty, the property owner could not be liable.

He argued, however, that the adoption of comparative fault in *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983) changed this duty. Under *Gustafson*, his argument continues, a plaintiff no longer needs "to prove that he did not know ... the condition, and by removing that element, you remove that as a requirement to show that there is a duty on the landowner."

Milfords' argument misconstrues the effect of *Gustafson*. *Gustafson* did not create new duties. Rather, it supplanted "the doctrines of contributory negligence, last clear chance, and humanitarian negligence with a comprehensive system of comparative fault." *Id.* at 16.

As Milfords' counsel correctly acknowledged, historically there has been no duty to remove natural accumulation of ice and snow. *Cf., Stith v. J.J. Newberry Co.*, 79 S.W.2d 447, 453 (Mo.Div.1 1934); *Woodley v. Bush*, 272 S.W.2d 833, 835 (Mo.App.E.D. 1954); *Washington v. Sears, Roebuck & Co.*, 585 S.W.2d 137, 138 (Mo.App.E.D. 1979); *Stein v. Mansion House Center*, 647 S.W.2d 918, 919 (Mo.App.E.D.1983). To hold that a duty exists to make a parking lot safe as precipitation falls from the sky would be to create a duty which would be virtually impossible to perform. A duty cannot impose an "obligation which is not within the actor's ability to perform, since it relates only to the actor's conduct over which as such he has control." Restatement (Second) of Torts § 4, comment a (1965).

Further, even if there were a duty, here there was no evidence of causation. To establish causation, it must be shown that injury would not have happened but for the negligence, and that the negligence was not only a cause, but was a proximate cause. *Bass v. Bi–State Development Agency*, 661 S.W.2d 609, 613 (Mo.App.E.D. 1983).

Here, Milfords' evidence established that when he arrived at the store, "[the rain and sleet] was going pretty good." The Milfords offered no evidence as to the amount

of accumulation that existed, either before, or at the time of, Mr. Milford's fall. Nor was there evidence of what the temperature was, or if it was rising or falling. Further, no evidence was offered to establish what appropriate, effective corrective action the May Company could have taken while the rain and sleet were continuing to fall.

The Milfords also rely on *Cox v. J.C. Penney Co., Inc.,* 741 S.W.2d 28 (Mo. banc 1987). *Cox,* however, does not aid the Milfords. As stated in *Cox,* there was but one issue presented and decided, i.e. that an instruction based on MAI 22.03 was "contrary to the theory of comparative fault announced in *Gustafson." Id.* at 29. *Cox* recognized that *"Gustafson* abolished contributory negligence as a bar to the plaintiff's recovery in negligence cases." *Id.* at 30. *Cox* did not abolish the requirement that a plaintiff prove a defendant's negligence in order to recover damages. Here, Milfords' proof did not establish either duty or causation, both essential to the proof of negligence.

The trial court did not err in granting the motion for judgment notwithstanding the verdict. The judgment is affirmed.

GARY M. GAERTNER and KAROHL, JJ., concur.