**Elaine SCHMIDT and Kenneth Schmidt, Plaintiffs/Appellants,**

v.

**John M. KEANE and Charlyn Keane and City of St. Louis, Defendants/Respondents.**

**No. 58660.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 11, 1991.

Donald H. Clooney, Timothy R. Anderson; James J. Wilson and Edward J. Hanlon, St. Louis, for plaintiffs/appellants.

Ruth A. Przybeck, St. Louis, for defendants/respondents.

GRIMM, Judge.

In this personal injury case, plaintiffs Elaine and Kenneth Schmidt appeal from an order of the trial court directing a verdict in favor of defendants John and Charlyn Keane. They also appeal the jury's verdict in favor of defendant City of St. Louis.

Plaintiffs raise two points on appeal. First, they contend "the trial court erred in granting defendant Keanes' motion for a directed verdict at the close of plaintiffs' evidence in that after viewing the evidence in the light most favorable to plaintiffs and giving them the benefit of all reasonable inferences to be derived therefrom, plaintiffs had established a submissible case of negligence against the Keanes...." We agree as to John Keane, but disagree as to Charlyn Keane. Viewed in the light most favorable to plaintiffs, they made a submis-

sible case that Elaine Schmidt's injury resulted from defendant John Keane's negligent repair of the sidewalk.

In their second point, plaintiffs contend "the trial court erred in sustaining objections of the City of St. Louis to questions posed by plaintiffs ... on the ground that said questions were irrelevant in that said questions were relevant...." Plaintiffs made no offers of proof and, thus, they failed to preserve the issue for review. We affirm in part and reverse and remand in part.

## I. Background

In 1985, defendants John and Charlyn Keane purchased the property at 932 Bellerive. In March of 1986, Mr. Keane patched an area in the public sidewalk. He removed some "loose gravel or broken cement" from the area. In doing this, he dug out "the hole to make the depth larger than it was." The patch was "about nine inches in circle," although the width of the entire hole was "about fourteen inches." Mr. Keane patched only the area he thought was dangerous. He did not repair the uneven slab or the lip resulting from the raised slab.

On October 25 or 26, 1986, Mr. Keane raked leaves from his property and the sidewalk. At trial, he testified, "The patch was still in the same condition that I remembered putting it into the hole when I saw it." However, he also acknowledged saying in a deposition: "I don't remember the condition of the patch."

On October 29, 1986, at about 8:45 a.m., plaintiff Elaine Schmidt was walking west on the sidewalk adjacent to defendants' property. She tripped and fell when she "stepped in a hole, and [her] foot caught on the lip of the concrete." After she fell, she saw the hole which Mr. Keane had previously patched; the patched concrete was not in the hole.

Later that day, Mr. Keane discovered the cement patch was no longer in the sidewalk. He found part of the patch "sitting to the side of the sidewalk by the base of the tree on top of some leaves."

At trial, the City of St. Louis Street Department Field Inspection Manager testified. He is the supervisor in charge of sidewalk inspections. He testified Mr. Keane's patch of "homemade concrete or whatever is not an effective repair, and it's not in conformity with [our] procedures and rules."

## II. Directed Verdict

■ In their first point, plaintiffs contend "[t]he trial court erred in granting defendant Keanes' motion for a directed verdict at the close of plaintiffs' evidence in that after viewing the evidence in the light most favorable to the plaintiffs and giving them the benefit of all reasonable inferences to be derived therefrom, plaintiffs had established a submissible case of negligence against the Keanes...." They claim "the Keanes, through their own action in attempting to repair the sidewalk, had created a more hazardous condition than previously existed...."

"When ruling on a defendant's motion for a directed verdict at the close of the plaintiff's evidence, the trial court must view the evidence in the light most favorable to the plaintiffs and they should receive the benefit of all reasonable inferences." *In Re Estate of Mapes*, 738 S.W.2d 853, 855 (Mo. banc 1987). Under Missouri law, "[a] cause may not be withdrawn from the jury unless the facts and the reasonable inferences which may be drawn are so strongly against the plaintiff as to leave no room for reasonable minds to differ." *Id.*

First, we note that plaintiffs presented no evidence about Mrs. Keane's actions. Apparently, she had no part in the repair of the sidewalk. Nor was Mr. Keane shown to have acted as her agent. Therefore, the directed verdict in her favor is clearly proper.

■ In Missouri, the general rule is "that the affirmative duty to maintain public sidewalks rests on the municipality." *Rauh v. Interco, Inc.*, 702 S.W.2d 497, 500–01 (Mo.App.E.D.1985). There are two exceptions to this general rule. The first is the "special use exception." This exception, which is not applicable here, applies in

two situations: (1) when an abutting property owner has made use of the public sidewalk for some other purpose than merely using it as a public sidewalk, such as a driveway; and (2) when the abutting owner puts an obstruction on the sidewalk which was not a part of the original construction. *Id.* at 501.

The second exception to the general rule is "that an abutting property owner may be held liable if he artificially created, through negligence or affirmative action, a condition which makes passage unsafe." *Id.* Thus, the issue becomes whether Mr. Keane, "through negligence or affirmative action," created a condition which made passage unsafe.

The *Rauh* court acknowledged that the question of whether defendant created a dangerous condition would ordinarily be a question of fact for the jury. *Id.* at 502. To raise a jury question of this kind, plaintiffs must show defendants "did something more than simply repair an already existing nuisance." *Id.*

Here, viewing the evidence in the light most favorable to the plaintiffs, and giving the plaintiffs the benefit of all reasonable inferences, defendant John Keane did "something more." He increased the size of the then existing condition by making the hole deeper.

The *Rauh* court concluded plaintiff did not make a submissible case. *Id.* Two factual differences lead us to a conclusion different from *Rauh*. First, in *Rauh*, the court observed that plaintiff "failed to allege or present any evidence at trial to suggest [defendant's] actual performance was in any way negligent." *Id.* Here, plaintiffs presented evidence that Mr. Keane's repair was negligently done. When a landowner repairs "the sidewalk abutting on his property, he may be held liable for injuries resulting from his negligence in such work." 39 AM.JUR.2d *Highways, Streets, and Bridges* § 366 (1968). See also Annotation, *Liability of Abutting Owner or Occupant for Condition of Sidewalk*, 88 A.L.R.2d 331, 375 (1963).

Second, in *Rauh*, the repairs were made three years before plaintiff fell; here the repairs were made approximately six months before plaintiff Elaine Schmidt fell. Also, in *Rauh*, "according to the evidence," the sidewalk's condition "was not the result of the repairs made three years hence, but rather the reappearance of the pre-existing hole, a natural consequence of the passage of time." *Rauh*, 702 S.W.2d at 502.

The trial court's order sustaining Mrs. Keane's motion to dismiss is sustained. The order sustaining Mr. Keane's motion to dismiss is reversed and remanded.

### III. Objections

■ In their second point, plaintiffs contend "[t]he trial court erred in sustaining objections of [defendant] City of St. Louis to questions posed by plaintiffs on direct examination to ... manager of the City's street department sidewalk inspection program ... on the ground that said questions were irrelevant...." Plaintiffs argue the "questions were relevant and the jury was thereby denied information relating to the City's failure to exercise ordinary care to discover and repair the defect in the sidewalk...."

"A party desiring to preserve as an issue the exclusion of evidence bears the burden to make an offer of proof where feasible to do so." *Bussell v. Leat*, 781 S.W.2d 97, 102 (Mo.App.W.D.1989). "The failure to make an offer of proof requires reviewing authority to speculate on what the evidence might have been." *Id.*

Here, after the trial court sustained City's objections, plaintiffs made no offer of proof. Thus, plaintiffs failed to preserve the issue and we decline to consider the second point.

The judgment of the trial court is affirmed as to defendants Charlyn Keane and City of St. Louis. The judgment of the trial court is reversed as to defendant John Keane and the cause remanded for further proceedings.

PUDLOWSKI, P.J., and KAROHL, J., concur.