**David W. BIGGS, et ux., Appellant,**

v.

**EXPO SERVICES GROUP, INC., Respondent.**

**No. WD 48831.**

Missouri Court of Appeals,
Western District.

March 21, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 2, 1995.

William N. Marshall, II, Grandview, for appellant.

Ben T. Schmitt, Kansas City, for respondent.

Before ULRICH, P.J., and KENNEDY and BERREY, JJ.

KENNEDY, Judge.

Plaintiff was injured February 6, 1990, when a temporary pipe and drape assembly fell. The contraption was located in two Hyatt Regency ballrooms. Plaintiff, a maintenance engineer employed by the Hyatt Regency, was standing 15 to 16 feet from the apparatus when it fell and struck him in the face, knocking him to the floor.

The structure had been erected by defendant Expo Services Group, Inc., for Hallmark Cards. Its purpose was to provide a backdrop for an audio-visual presentation planned for the afternoon.

Plaintiff had gone into the ballrooms to inspect a dimmer switch when the accident occurred.

A jury returned a verdict for defendant Expo Services, and plaintiff has appealed.

Plaintiff presents two points. One point is that the court excluded evidence that there were no warning signs that would warn plaintiff that the structure was unstable and liable to collapse. The absence of such signs had been pleaded in plaintiff's petition as a ground of Expo Services' negligence.

The drapes, in panels, were suspended on a pipe which extended across the entire east-west width of the room, a width of about 88 feet, 16 or 18 feet in height, supported by ten standards. The standards were wired to the ceiling of the room. The cross members, from which the drapes were suspended, were affixed to the tops of the standards by a system of "slots and hooks." The drape was located about 22 feet from the south wall of the rooms, while the audience would be located on the north side of the room. The 22-foot space between the wall and the drape was the service side of the drape, and of the room. The projector would be placed in this area, near the wall, for the screen was a rear projection screen. It was one of the cross-members that struck the plaintiff. After the accident, one of the standards was bent at a 20- or 30-degree angle.

■ Plaintiff's first point is that the court erred in sustaining objections to his cross-examination questions which were intended to elicit testimony that there were no cordons or warning signs in the vicinity of the drape assembly which would have warned plaintiff of the danger of its collapse. There was no evidence, however, to show that Expo Services had any notice of any danger of the fall. We have examined the

evidence cited to us by plaintiff, which goes no further than to establish that such structures can be shaken, or knocked down, if struck by a piece of machinery. (There was some evidence—in fact, the only evidence of the cause of the fall—that a high-loader was pushed into the structure on this occasion, causing its fall. There was no evidence that the person pushing the high-loader was an Expo Services employee, and plaintiff makes no claim that he was.) Unless Expo Services knew, or should have known, that the structure might fall, it was under no duty to set up warning signs. That is the rule with respect to landowners' duty toward business invitees, *Bruner v. City of St. Louis,* 857 S.W.2d 329, 332 (Mo.App.1993); *Luthy v. Denny's, Inc.,* 782 S.W.2d 661, 662–63 (Mo. App.1989). That is the rule with respect to general contractors' duty toward business invitees, when landowners turn over possession of land to the contractor, *Halmick v. SBC Corp. Serv., Inc.,* 832 S.W.2d 925, 927 (Mo. App.1992); *Stoeppelman v. Hays–Fendler Const. Co.,* 437 S.W.2d 143, 148 (Mo.App. 1968). Expo Services was under no greater duty. The exclusion of the evidence was not error.

Plaintiff's second point is that the court erred in refusing to submit plaintiff's res ipsa instruction. The plaintiff submitted a specific negligence instruction (that the defendant "failed to stabilize or secure properly the vertical members or cross-members of its display apparatus, or … failed to provide adequate access around or through the display apparatus between the service side and the public side of the ballroom in which it was erected."), which the court gave. Plaintiff could not also submit a res ipsa instruction, *Bonnot v. City of Jefferson City,* 791 S.W.2d 766, 770 (Mo.App.1990), and may not complain of the court's failure to give such an instruction.

We find no error calling for a new trial, and the judgment is affirmed.

All concur.