Dora J. BARTEL, et al., Appellant,

v.

CENTRAL MARKETS, INC., Respondent.

No. 66996.

Missouri Court of Appeals,
Eastern District,
Division One.

April 25, 1995.

James Leslie Thomas, Waynesville, for appellant.

Barbara Wendy Wallace, David A. Feltz, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Dora J. Bartel, et al. ("plaintiff"), appeals from an Order of the Circuit Court of the County of Franklin granting respondent's, Central Markets, Inc. ("defendant"), motion for summary judgment in plaintiff's action for personal injury.[1] We reverse and remand.

Plaintiff testified at deposition that on June 28, 1991, she walked across a sidewalk on defendant's premises and entered Central Market, a grocery store, to do some shopping. As she exited the store and traveled across the same sidewalk with a grocery bag in one arm and a bottle of barbecue sauce in the opposite hand, her right foot hit something solid, and she fell. Plaintiff acknowledged she was not looking at her feet as she crossed the sidewalk. She suffered cuts and abrasions to her hands, knees and shins, and she experienced pain in her right rib cage.[2]

1. William Bartel, husband of Dora Bartel, filed a claim for loss of consortium resulting from his wife's injuries.

2. Plaintiff has continued treatment for shoulder and back pain and complains of limitations which she did not experience before the accident.

When plaintiff went back later to examine the location of her fall, she noticed an approximate one inch unevenness in the adjoining slabs of the sidewalk.

Photographs were taken of the sidewalk. James Coleman, manager of the grocery store, admitted in deposition the condition of the sidewalk at the time of the accident was accurately depicted in the photos. Mr. Coleman also indicated that though he identified the uneven slabs upon examination of the sidewalk the day of the accident, he had never noticed the condition during the prior ten years he had been employed by defendant.

Defendant filed a motion for summary judgment on November 9, 1993. Defendant asserted the unevenness of the sidewalk slabs was an open and obvious condition, and the only reason plaintiff fell was due to her failure to use due care to protect herself. Summary judgment was granted on October 3, 1994. This appeal followed.

Plaintiff raises one point for our review. She contends summary judgment was inappropriate.

■ On appeal from summary judgment, we scrutinize the record in the light most favorable to the party against whom judgment was entered. *Bruner v. City of St. Louis*, 857 S.W.2d 329, 332 (Mo.App.E.D. 1993). If there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, summary judgment will be affirmed. *Id.* A genuine dispute is defined as one which is real, not imaginary, frivolous, or argumentative. *Id.* Summary judgment is often inappropriate in negligence cases. *Id.*

■ Plaintiff can be classified as an invitee, one who enters upon a premises with the express or implied consent of the possessor, and for some purpose of benefit or interest to the possessor or for the mutual benefit of both. *Nickerson v. Moberly Foods, Inc.*, 781 S.W.2d 87, 90 (Mo.App.W.D.1989). The possessor of land owes the duty of reasonable care to an invitee, which includes the duty to warn of dangerous conditions unlikely to be discovered by the invitee. *Id.* As such, the possessor is required to inspect the premises to ascertain potential dangerous conditions of which he or she is unaware. *Cox v. J.C. Penney Co., Inc.*, 741 S.W.2d 28, 29 (Mo. banc 1987). However, an open and obvious danger negates the duty to warn unless the possessor should anticipate harm despite constructive knowledge on the part of the invitee. *Id.* To establish the liability of the possessor, the invitee must show: 1) a dangerous condition existed on the premises; 2) the possessor knew, or through the use of ordinary care, should have known of the condition; and 3) the possessor failed to use ordinary care to remove, remedy, or warn of the danger. *Bruner*, 857 S.W.2d at 332.

■ We find the trial court erred in holding the unevenness of the sidewalk outside the grocery store to be a condition so open and obvious that defendant's duty to warn of or remedy the danger was extinguished. Mr. Coleman, manager and employee of the grocery store for ten years, testified in his deposition that he never noticed the uneven condition of the sidewalk until after plaintiff reported her fall. Plaintiff's deposition established that although she walked along the same sidewalk to enter the store, she never noticed the uneven slabs until after her accident.

We recognize that after the accident Mr. Coleman, plaintiff, and uncontroverted photographs clearly establish a defect in the sidewalk. However, we cannot say as a matter of law that the condition was so open and obvious that defendants could reasonably rely on its invitees to see and appreciate the risk of danger as they exited the store with arms full of groceries or pushing grocery carts ahead of them. The questions of whether the condition of the sidewalk constituted a danger and whether defendant knew or should have known of the condition are questions for the jury. In ascertaining the existence of the danger and the extent of defendant's duty in this regard, the jury could conclude the condition, although not inherently dangerous, became dangerous when coupled with the presence of groceries, or bags, or carts as invitees exited the store. *See Bruner*, 857 S.W.2d at 332–33.

Accordingly, the judgment of the trial court is reversed and cause remanded.

REINHARD, P.J. and CRAHAN, J., concur.