Yana D. LACY, Appellant,

v.

Robert WRIGHT and Daryl G. Wright d/b/a Advanced Technology Products, Respondents.

No. ED 87250.

Missouri Court of Appeals,
Eastern District,
Division One.

June 27, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 9, 2006.

Application for Transfer Denied Sept. 26, 2006.

Michael L. Jackson, Jackson, MO, for Appellant.

James R. Reynolds, Kennett, MO, for Respondent.

## OPINION

MARY K. HOFF, Presiding Judge.

Yana D. Lacy (Lacy) appeals from the trial court's judgment granting Robert Wright and Daryl G. Wright's (referred to collectively as the Wrights), doing business as Advanced Technology Products, Motion for Summary Judgment (motion) in favor of the Wrights on Lacy's petition for personal injuries and damages (petition). The trial court erred in granting summary judgment because there existed a genuine dispute as to the material facts; thus, we reverse the judgment and remand the case for further proceedings.

### Facts

Viewing the record in the light most favorable to Lacy, the party against whom judgment was entered, the facts are as follows:

The Wrights, doing business as Advanced Technology Products, operated an electronics store (store) in Jackson, Missouri. The store's parking lot (lot) contained several parking spaces and parking bumpers (bumpers). A bumper bounded the front edge of each parking space, and the parking spaces were arranged on the lot so that patrons of the store would be able to park their cars perpendicular to the store. A single bumper (Bumper) also bounded the left edge of only one of the parking spaces (Space) just outside the store's entrance. The Bumper was of the same general color as the lot, black, was composed of the same general material as the lot, concrete and/or asphalt, and was positioned in such a way that it lay parallel to and immediately to the left of any vehicle parked in the Space.

On December 11, 2002, Lacy went to the Wrights' store to pick up a computer she had left there for repair. Lacy drove into the lot, which was wet and partially covered with snow, and pulled into the Space where the Bumper lay parallel to the Space and immediately to the left of Lacy's vehicle. Like the lot, the Bumper was partially covered with snow, and it was somewhat obscured from view or camouflaged. Lacy noticed water dripping from melting snow on the store's roof and thought she might be showered by the water falling over the edge of the roof as she entered the store. The Bumper lay, unseen, on the ground directly below the edge of the roof and in Lacy's path. As she exited her vehicle from the driver's door on the left side, Lacy simultaneously glanced up at the roof to watch the dripping water and caught either her foot or both feet on the Bumper and fell, landing on her knees. Lacy suffered injuries to both of her knees, and to her spine, back,

and body as a whole. Photographs were taken of the lot within one to three days of Lacy's fall and depicted the partially snow-covered Bumper in relation to the store, the Space, and the other bumpers on the lot.

Lacy subsequently filed her petition against the Wrights alleging that Lacy was injured when she fell over the Bumper on the lot possessed and controlled by the Wrights as part of their business premises. The petition further alleged that the Wrights were negligent in maintaining the Bumper, which represented an unreasonably dangerous and defective condition because its color, composition, and placement caused the Bumper to be camouflaged.

The Wrights initially filed their answer to the petition denying that Lacy's injuries were caused by the Wrights' negligence and asserting that Lacy was comparatively negligent. The Wrights later filed their motion with a supporting affidavit arguing that the Bumper did not constitute a dangerous condition because the Bumper was not isolated and served the purpose of preventing "patrons from hitting the building with their vehicles and to mark parking areas;" thus, as a matter of law, the Wrights owed no duty to Lacy.

Lacy filed a response and supporting affidavit in opposition to the Wrights' motion. In her response, Lacy argued that summary judgment was improper because the material facts of the case were in dispute, namely, whether the Bumper was in Lacy's plain view, given that it was of a similar color and composition as the lot and partially covered with snow, such that the Wrights could have expected Lacy and other business invitees to discover the Bumper and avoid it. Lacy further argued that the Bumper "served no readily perceptible or foreseeable purpose to members of the general public," which was a contention in conflict with the Wrights'

contention that the Bumper's purpose of protecting the store building was "clear by observation[.]"

In October 2005, the trial court called, heard, and considered the Wrights' motion and Lacy's response. After finding that no genuine issue as to any material fact existed, the trial court granted the Wrights' motion without elaboration. This appeal follows.

## Standard of Review

Summary judgment is proper where the pleadings and the discovery, exhibits, and affidavits on which the motion relies show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 74.04(c). We view the record of the trial court's grant of a motion for summary judgment in the light most favorable to the party against whom judgment was entered. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Our examination of the submitted record and the applicable law, however, is essentially *de novo. Id.*

We take as true the facts set forth by affidavits or otherwise in support of the moving party's summary judgment motion unless contradicted by the non-moving party's response to the motion and accord the non-moving party the benefit of all reasonable inferences from the record. *Id.* If there exists no genuine dispute as to the material facts of the case and the moving party is entitled to judgment as a matter of law, we will affirm the trial court's grant of summary judgment. *Bartel v. Central Markets, Inc.*, 896 S.W.2d 746, 748 (Mo.App. E.D.1995). A "genuine dispute" is one that is real, not imaginary or frivolous or argumentative. *Id.* "Sum-

mary judgment is often inappropriate in negligence cases." *Id.*

## Discussion

In her sole point on appeal, Lacy argues that the trial court erred in granting summary judgment and finding there existed no genuine issue as to any material fact because it could not be said, as a matter of law, that, under the circumstances, the Bumper was in plain view such that the Wrights could have safely expected Lacy, their business invitee, to discover the Bumper and avoid it.

An invitee is one who enters the land or premises of another with the express or implied consent of the possessor and for some purpose of benefit or interest to the possessor or for the mutual benefit of both the invitee and the possessor. *Bartel,* 896 S.W.2d at 748; *Nickerson v. Moberly Foods, Inc.,* 781 S.W.2d 87, 90 (Mo.App. W.D.1989). The possessor of land owes to an invitee the duty of reasonable care to make the premises safe for that invitee, including warning the invitee of dangerous conditions he is unlikely to discover. *Bartel,* 896 S.W.2d at 748; *Bruner v. City of St. Louis,* 857 S.W.2d 329, 332 (Mo.App. E.D.1993). Accordingly, the possessor must inspect the premises to ascertain potentially dangerous conditions of which he is unaware. *Bartel,* 896 S.W.2d at 748; *Bruner,* 857 S.W.2d at 332. An open and obvious danger nullifies the duty to warn unless the possessor should anticipate the invitee will be harmed despite constructive knowledge on the part of the invitee. *Bartel,* 896 S.W.2d at 748; *Bruner,* 857 S.W.2d at 332.

To impose liability on the possessor of the premises, the invitee must show: 1) there existed a dangerous condition on the premises that was not reasonably safe; 2) the possessor knew or, through the use of ordinary care, should have known of the condition; and 3) the possessor failed to use ordinary care to remove, remedy, or warn of the dangerous condition. *Bartel,* 896 S.W.2d at 748; *Bruner,* 857 S.W.2d at 332.

The Wrights rely upon *Hopkins v. Sefton Fibre Can Co.,* 390 S.W.2d 907 (Mo. App.1965), for the general rule that dividers or bumpers in parking lots are usual occurrences and are not concealed dangers and argue, therefore, that the Wrights were not negligent in having such bumpers on the premises or in failing to warn of their presence. We narrowed that general rule, however, in *Alexander v. National Supermarkets, Inc.,* 616 S.W.2d 873, 874 (Mo.App. E.D.1981), and find *Alexander's* reasoning applicable here.

In *Alexander,* the plaintiff stumbled and fell over a concrete bumper in a grocery store parking lot, suffering a broken wrist. *Alexander,* 616 S.W.2d at 874. There, the concrete bumper was generally comparable in color to the parking lot surface and lay parallel to a parking space near the entrance to the store. *Id.* The concrete bumper was similar to several other concrete bumpers on the lot but was isolated from the others, which were arranged either around the edge of the parking lot and perpendicular to the parking spaces to delineate the front edge of those spaces or as cart corrals. *Id.* The plaintiff, a frequent customer of the store, was exiting the store at approximately noon on a clear day when she stumbled and fell over the concrete bumper. *Id.* The plaintiff claimed that she had not seen the concrete bumper upon entering the store because it was blocked from view by a truck. *Id.* at 875. The plaintiff further claimed she did not see the concrete bumper when she stumbled over it and fell because she was stepping forward to enter a car and was looking at the car's door and seat, not at the parking lot's surface. *Id.* at 875. The

jury found in favor of the plaintiff on her claim, and the defendant appealed, citing *Hopkins* for the proposition that parking dividers or bumpers in parking lots are not concealed dangers as a matter of law and a possessor of land could not be found negligent in failing to warn of their presence. *Id.* This Court disagreed with the defendant, reasoning that *Hopkins* should not be interpreted so broadly, especially in light of the concrete bumper's isolation from the other concrete bumpers on the parking lot, its position parallel to a parking space and behind vehicles that partially hid it from view, and its color, which was comparable to that of the parking lot surface. *Id.* In affirming the lower court's judgment, we concluded that, as a matter of law, it could not be said that the concrete bumper was in plain view under the circumstances or that the defendant could have safely expected its invitees to discover the concrete bumper and avoid it, and the case was properly submitted to the jury. *Id.*

Here, like *Alexander,* we cannot say that, as a matter of law, the Bumper was so open and obvious that the Wrights could reasonably rely on invitees such as Lacy to see and appreciate the risk of danger as they exited their cars and navigated their way under dripping water to enter the store. *Id.; Bartel,* 896 S.W.2d at 748. It was not a matter of law to be determined by the trial court on summary judgment whether the Bumper, which was similar in color and composition to the parking lot's surface was partially snow covered, and was parallel to the left edge of the parking space, constituted a dangerous condition of which the Wrights knew or should have known. *Bartel,* 896 S.W.2d at 748.

The Wrights also argue that even if the Bumper constituted a dangerous condition, they were not liable because Lacy was at fault for not seeing the bumper and avoiding it. Whether Lacy, an invitee, failed to keep a careful lookout is a question to be considered only when allocating fault under Missouri comparative fault principles, which is determined at trial. *Bruner* 857 S.W.2d at 333; *Nickerson,* 781 S.W.2d at 90. Point granted.

The judgment of the trial court is reversed and the case is remanded.

CLIFFORD H. AHRENS and PATRICIA L. COHEN, Judges, concur.