# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2100
_____

Daniel G. Mann

*Plaintiff - Appellant*

v.

QuikTrip Corporation, doing business as QuikTrip #644

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: June 11, 2025
Filed: August 5, 2025
_____

Before COLLOTON, Chief Judge, ARNOLD and GRUENDER, Circuit Judges.
_____

GRUENDER, Circuit Judge.

Daniel Mann was injured when he fell on a step exiting a QuikTrip store and subsequently sued QuikTrip for negligence. At trial, over Mann's objection, the district court[1] permitted an affirmative defense instruction, allowing the jury to

---

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

assess no fault against QuikTrip if snowy and icy conditions existed generally throughout the area and were not isolated to the location where Mann fell. The jury found that QuikTrip was not at fault for Mann's injury and, accordingly, that Mann would not recover any damages. Mann moved for a new trial based on instructional error, which the district court denied. Mann appeals this denial. We affirm.

## I. Background

Maryland Heights, Missouri experienced cold temperatures and snow for several consecutive days in mid-February 2021. In the midst of this cold spell, sometime between the hours of 5:00 and 7:00 on the morning of February 17, 2021, the store manager of a local QuikTrip shoveled and applied ice melt to stairs leading to the entrance. Several hours later that day, at approximately 9:49 a.m., Mann slipped and fell on those stairs as he exited the store. Surveillance videos show that light amounts of snow had fallen in the intervening hours, including flurries that were falling at the time of Mann's fall.

Mann sued QuikTrip for common law negligence in Missouri state court, and QuikTrip removed the case to the Eastern District of Missouri pursuant to federal diversity jurisdiction. *See* 28 U.S.C. § 1441. During the jury trial, QuikTrip requested an instruction explaining the "Massachusetts Rule," an affirmative defense that relieves property owners of the general duty to remove or warn of a dangerous condition on their property if it results from ice or snow that has accumulated naturally and is a condition general to the community. *See O'Donnell v. PNK (River City), LLC*, 619 S.W.3d 162, 167 (Mo. Ct. App. 2021). The requested Instruction No. 9 stated:

> In your verdict, you must not assess a percentage of fault to defendant if you believe that, at the time plaintiff fell on defendant's premises, there existed throughout the City of Maryland Heights, Missouri a general condition of snow or ice, and the condition of defendant's premises . . . was not a special, isolated condition.

-2-

Mann objected, arguing that, as a matter of law, the Massachusetts Rule did not apply because the store manager had cleared the walkway that morning and, further, because there was a substantial lack of evidence that the condition of the stairs was consistent with conditions elsewhere in the city. The district court overruled his objection and allowed the instruction.

During deliberations, the jury requested clarification regarding Instruction No. 9. They sent a note to ask, "Does a general condition of ice and snow refer to weather in general for the City of Maryland Heights? Or does it refer to general conditions of walkways specifically? Is one small portion of the step its own isolated condition in comparison to other walkways?" The district court responded that the jury should "be guided" by their "recollection of the evidence and the instructions of law as given by the Court." Shortly after this exchange, the jury returned a verdict assessing zero fault to both Mann and QuikTrip. Mann accordingly recovered no damages.

Mann moved for a new trial, arguing that Instruction No. 9 misled the jury by misstating Missouri law. The district court denied Mann's motion. On appeal, Mann once again argues that the district court erred by instructing the jury about the Massachusetts Rule.

## II. Discussion

In a diversity case such as this, the substance of jury instructions is governed by the applicable state law—here, that of Missouri. *See Acad. Bank, N.A. v. AmGuard Ins. Co.*, 116 F.4th 768, 787 (8th Cir. 2024). Jury instructions, "read as a whole, must fairly and adequately present the relevant state law," *id.*, but need not be "technically perfect or even a model of clarity." *S&H Farm Supply, Inc. v. Bad Boy, Inc.*, 25 F.4th 541, 553 (8th Cir. 2022). We review the district court's instructional determinations, as well as any related denial of a motion for new trial, for abuse of discretion and review *de novo* whether the district court correctly interpreted state law. *Id.*

To prevail on his Missouri negligence claim, Mann had to prove that QuikTrip (1) owed him a duty of care, (2) breached that duty, and (3) his injury was caused by the breach. *See O'Donnell*, 619 S.W.3d at 167. As a Missouri property owner, QuikTrip generally owes a duty to its invitees—such as Mann—to use ordinary care in removing or warning of a dangerous condition on its property. *See Steward v. Baywood Villages Condominium Ass'n*, 134 S.W.3d 679, 682 (Mo. Ct. App. 2004). However, under certain circumstances, Missouri law provides an exception to this general duty, which is known as the "Massachusetts Rule." *O'Donnell*, 619 S.W.3d at 167. The Massachusetts Rule provides that a property owner has "no duty to remove snow or ice that accumulates naturally and is a condition general to the community." *Id.* This limited exception is only allowed if the natural conditions of the property have not been altered since the precipitation fell. *Compare Alexander v. Am. Lodging, Inc.*, 786 S.W.2d 599, 601 (Mo. Ct. App. 1990) (declining to apply the Massachusetts Rule when property owner had cleared snow and ice the day before and spread salt and gravel shortly before plaintiff fell), *with Cleek v. Ameristar Casino Kansas City, LLC*, 47 F.4th 629, 636 (8th Cir. 2022) (finding Massachusetts Rule applied when walkway had not been cleared after precipitation fell). The rule also ensures that property owners do not have a duty to remove snow while it is still falling. *Milford v. May Dep't Stores Co.*, 761 S.W.2d 231, 232 (Mo. Ct. App. 1988) (applying Massachusetts Rule because precipitation had been falling intermittently throughout the day, including immediately before the plaintiff's fall). Accordingly, if the precipitation has ceased and the property owner has since cleared the area, the Massachusetts Rule does not apply. *See, e.g.*, *Gorman v. Wal-Mart Stores, Inc.*, 19 S.W.3d 725, 732 (Mo. Ct. App. 2000) (declining to apply the Massachusetts Rule because owner had cleared its sidewalk after the freezing rain had ceased but before the plaintiff fell).

Here, QuikTrip assumed a general duty of care when the store manager altered the general condition of the property by clearing and salting the stairs. *See O'Donnell*, 619 S.W.3d at 168. But the Massachusetts Rule may still apply—thereby relieving QuikTrip of its general duty of care—if the stairs where Mann fell were slick because of the later snow, which fell intermittently throughout the

morning and which was still falling at the time of Mann's fall. *See Milford*, 761 S.W.2d at 232 ("To hold that a duty exists to make a parking lot safe as precipitation falls from the sky would be to create a duty which would be virtually impossible to perform."). We agree with the district court that a genuine question of material fact existed regarding whether the stairs were affected by the snow that fell after the store manager shoveled that morning. Further, Instruction No. 9 is nearly identical to instructions previously upheld by the Missouri Court of Appeals. *See Willis v. Springfield Gen. Osteopathic Hosp.*, 804 S.W.2d 416, 418 (Mo. Ct. App. 1991); *Carden v. Lester E. Cox Med. Ctr.*, 519 S.W.2d 338, 342 (Mo. Ct. App. 1975). Accordingly, we find that Instruction No. 9 fairly and adequately represents the relevant Missouri law and that the district court properly submitted the matter to the jury.

## III. Conclusion

For the foregoing reasons, we affirm the district court's denial of Mann's motion for a new trial.

_____